SHIRLEY SCHUSSHEIM et al., Respondents, v. BEAM'S DRUG CORP., Appellant. (And a Third-Party Action.) — In a malpractice action to recover damages for personal injuries sustained by plaintiff Shirley Schussheim, and for loss of services, etc., incurred by her coplaintiff husband, defendant appeals from an order of the Supreme Court, Nassau County, dated July 24, 1973, which denied its motion to renew its prior motion to compel plaintiff Shirley

Schussheim to appear for a physical examination at the office of the doctor chosen by defendant. Order reversed, without costs, and motion for physical examination granted, on condition that defendant pay plaintiffs $250. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendant, and the $250 must be paid on or before the giving of such notice. In the interests of justice, defendant should now have a physical examination of the injured plaintiff. Further, the examination, in order to be meaningful, must be conducted in the doctor's office as requested by defendant. The lack of examination was caused by defendant's failure to comply with section 672.1 of the rules of this court (22 NYCRR 672.1) after defendant had been served with plaintiffs' notice of availability for physical examination. While it appears that Mrs. Schussheim was willing to submit to a physical examination at her attorneys' offices, the nature of the injuries indicates that a thorough ophthalmological examination was required and that such an examination could only be conducted in a doctor's office. Defendant was required, by section 672.1, to move to modify or vacate the notice of availability (*Gaffney* v. *Salenger*, 40 A D 2d 849). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.