■ 2 PARK AVENUE ASSOCIATES, Appellant, v CROSS & BROWN COMPANY et al., Respondents.—Order, Supreme Court, New York County, entered August 18, 1977, which directed plaintiff to produce all items specified in a notice of discovery and inspection dated April 18, 1977, and granted a cross motion for a protective order only to the extent of extending the time to produce the documents until September 19, 1977, unanimously reversed, on the law, and in the exercise of discretion, and the notice of discovery vacated without prejudice to renewal after rulings have been obtained at Special Term, Part II, without costs or disbursements. Plaintiff operates a building located at that address. The underlying action involves alleged breaches of a management agreement and breach of fiduciary duties by the defendants, including Cross & Brown, the exclusive renting agent of 2 Park Avenue. That breach allegedly occurred when prime tenants of 2 Park Avenue—United Medical Services and Harper & Row—were induced to leave 2 Park Avenue and move to other locations. In 1976, defendants began taking the deposition of a general partner of the plaintiff, one Sheldon Breitbart. During the course of the questioning, certain documents were requested by defendants and produced by plaintiff. Others, though identified during the course of the examination before trial, were not produced, since plaintiff's counsel objected to the underlying questions and would not produce them until rulings were had. A motion and cross motion were made resulting in a direction by Special Term to appear at Special Term, Part II, for rulings. These rulings have apparently not yet been obtained. The notice of discovery which is the subject of this appeal was served on April 19, 1977, and a majority of the documents sought relate to questions asked of Breitbart which were objected to and about which rulings have not yet been obtained. Other documents sought span a 15-year period, while the conduct complained of in this action took place in 1971 and 1972. It is unclear from the record before this court whether the plaintiff moved for a protective order in a timely manner. However, if, *arguendo,* the motion was untimely we nonetheless hold that, since the items sought were still subject to being

ruled upon at Sepcial Term, and since they also covered so broad a time period as to be palpably improper, they were still properly the subject of a motion for a protective order *(Coin v Lebenkoff,* 10 AD2d 916; *Wood v Sardi's Rest. Corp.,* 47 AD2d 870, 871). After the rulings on the examination before trial are obtained, the defendants, if so advised, may then serve a notice for discovery anew. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.