■ NAPOLEON ZAMBELIS et al., Respondents, v JOHN G. NICHOLAS, Appellant. — In an action for specific performance of a contract for the sale of real property, or, in the alternative, for damages for breach of that contract, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 28, 1982, as granted that branch of plaintiffs' motion seeking that he be required to produce and permit plaintiffs "to inspect, copy or photograph all reports, correspondence, memoranda, engineering reports, investigating reports and writings of any kind whatsoever which relate to the fire at premises located at 149-21 14th Avenue, Whitestone, New York", in accordance with plaintiffs' notice to obtain discovery and inspection dated April 2, 1982. Order reversed, insofar as appealed from, with $50 costs and disbursements, plaintiffs' motion denied in its entirety and plaintiffs' notice to obtain discovery and inspection dated April 2, 1982 vacated, without prejudice to their right to renew their request for discovery pursuant to an appropriate notice to obtain discovery and inspection in accordance with the views expressed herein. Plaintiffs' notice to obtain discovery and inspection sought production of "[a]ll reports, correspondence, memoranda * * * and writings of any kind whatsoever" which related to a fire. Defendant did not oppose plaintiffs' disclosure request until plaintiffs moved for an order, *inter alia,* directing compliance with their notice. Defendant correctly argues that plaintiffs' notice was overly broad. The observation that "[t]he alternative use of 'all', 'any', or 'any and all' renders the notice for discovery and inspection improper", is applicable within the context of this case (see *Ganin v Janow,* 86 AD2d 857, 858). It is true that when a party fails to challenge a disclosure request in a timely fashion, inquiry into the propriety of the information sought is foreclosed (see CPLR 3122; *Coffey v Orbachs, Inc.,* 22 AD2d 317) but that doctrine does not apply to disclosure requests which are "palpably improper", and the challenged discovery and inspection notice is

palpably improper (see *2 Park Ave. Assoc. v Cross & Brown Co.,* 60 AD2d 566, 567; *Wood v Sardi's Rest. Corp.,* 47 AD2d 870). Accordingly, Special Term erred in directing defendant to respond to the overbroad notice. Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.