■ PARK KNOLL ASSOCIATES, Respondent, v APHRODITE SCHMIDT, Appellant. — Appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), dated September 30, 1981, which, *inter alia,* denied defendant's cross motion to dismiss the complaint for failure to state a cause of action, or in the alternative, for a protective order limiting the scope of certain discovery proceedings. By order dated October 18, 1982, this court reversed Special Term's order and granted defendant's cross motion to the extent that the complaint was dismissed for failure to state a cause of action. Defendant's contentions regarding that part of Special Term's order which denied so much of defendant's cross motion as sought a protective order were not reached (*Park Knoll Assoc. v Schmidt,* 89 AD2d 164). By order dated June 9, 1983, the Court of Appeals reversed this court's order, denied the "motion to dismiss the complaint" and remitted the case to this court for further proceedings (59 NY2d 205, 212). Order modified, by granting defendant's cross motion to the extent that a protective order is granted as to item number nine of plaintiff's notice for discovery and inspection and the cross motion is otherwise denied. As so modified, order affirmed, without costs or disbursements. As Special Term properly concluded, defendant's cross motion for a protective order was untimely (CPLR 3122). The general rule is that "when a party fails to challenge a disclosure request in a timely fashion, inquiry into the propriety of the information sought is foreclosed" (*Zambelis v Nicholas,* 92 AD2d 936; see *Coffey v Orbachs, Inc.,* 22 AD2d 317). However, this rule is inapplicable where the untimely challenged disclosure request is " 'palpably improper' " (*Zambelis v Nicholas, supra,* p 936). Accordingly, as item number nine in plaintiff's discovery notice lacks sufficient specificity, is overbroad and is duplicative of other items in the demand, it should have been stricken as palpably improper and Special Term erred in directing that defendant respond to that item. Thompson, J. P., O'Connor, Weinstein and Boyers, JJ., concur.