(March 26, 1984)

■ WILLIAM CARDEN et al., Respondents, v PATRICK CALLOCCHIO et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Giaccio, J.), dated January 3, 1983, as denied that branch of their motion which sought a further physical examination of the plaintiff William Carden by a neurologist. ¶ Order reversed, insofar as appealed from, without costs or disbursements, and that branch of defendants' motion which sought a further physical examination is granted. The examination shall take place at such time and place as shall be fixed in a written notice by the defendants of not less than 10 days, or at such other time and place as the parties may agree. The time within which defendants may serve such notice is extended until 10 days after service upon them of a copy of the order to be made hereon, with notice of entry. ¶ It is alleged that plaintiff William Carden has sustained serious physical injuries as a result of a truck collision. The bill of particulars claimed that he suffered injuries to his neck and back which involved neurological and other impairments. At defendants' request, William Carden was examined by a general surgeon who recommended that he should also be examined by a neurologist. Defendants then moved, *inter alia,* for an order directing William Carden to submit to a second physical examination by a neurologist. Special Term denied that branch of the motion on the grounds that defendants' physician already rendered a thorough report on William Carden's condition and that defendants are not entitled to an examination by a doctor in every specialty. ¶ In our view, defendants have demonstrated a need for a more thorough disclosure of William Carden's physical condition (see *Korolyk v Blagman,* 89 AD2d 578). Under the particular circumstances of this case, including the seriousness of the injuries, we substitute our own discretion for that of Special Term (see *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466) and grant defendants' request for an additional examination. Lazer, J. P., Weinstein, Brown and Lawrence, JJ., concur.