■ ROBERT KERWICK, Respondent, v ORANGE COUNTY PUBLICATIONS, DIVISION OF OTTAWAY NEWSPAPERS, INC., Appellant. — Harvey, J.

In this defamation action commenced in May 1978, defendant served a notice on plaintiff for discovery and inspection of various personal and business tax records of plaintiff, a town assessor. It would appear from the record that the information sought by defendant is relevant to plaintiff's claim of damage to

his business reputation, resulting in a decline in his private practice as a real estate appraiser.

Plaintiff neither complied with defendant's notice for discovery and inspection nor sought protection pursuant to CPLR 3103 or 3122. Some time thereafter, plaintiff filed a note of issue with its required certificate of readiness. Defendant moved to strike the note of issue on the basis that there was an outstanding demand for discovery. Special Term denied defendant's motion to strike the note of issue and granted a cross motion by plaintiff to strike defendant's notice for discovery and inspection. Defendant appeals.

When a party fails to challenge a disclosure request in a timely fashion, inquiry into the propriety of the information sought is foreclosed unless the request is palpably improper (*Park Knoll Assoc. v Schmidt,* 99 AD2d 772). Nothing contained in the request has been challenged as palpably improper. On the contrary, because of the allegation that plaintiff has sustained a loss of income, it would appear that the request was entirely proper (*see, Torian v Lewis* 90 AD2d 600). This request should not be confused with the subject matter of a prior order concerning future supervision of oral depositions. There was no reasonable basis to relieve plaintiff of his responsibility to respond to the demand.

The filing of a note of issue is controlled by administrative policies established by the Chief Administrative Judge (22 NYCRR 103.1, 103.2, 103.3). To comply with the required statement of readiness, the filing party must affirm that "[d]iscovery proceedings now known to be necessary completed" (22 NYCRR 103.2 [item No. 7]) and that "[t]here are no outstanding requests for discovery" (22 NYCRR 103.2 [item No. 8]). Affirmation of those statements was false. Nor can plaintiff escape his responsibility by merely claiming that "[t]here has been a reasonable opportunity to complete the foregoing proceedings" (22 NYCRR 103.2 [item No. 9]). Plaintiff cannot claim that there has been a reasonable opportunity to complete discovery when the duty to complete discovery is his.

Order reversed, on the law, with costs, motion granted and cross motion denied. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.