■ Wayne J. Burger et al., Respondents, v Willard O. Bladt, Appellant.—In an action to recover damages for personal injuries, etc., defendant appeals from so much of an order of the Supreme Court, Orange County (Ferraro, J.), dated April 23, 1984, as denied those branches of his motion which were to compel a three-session examination of the infant plaintiff by defendant's physicians and a "parent intake evaluation".

Order modified by adding a provision thereto granting the defendant's motion to the further extent that the infant plaintiff is directed to submit to an examination by Annella Stevens, a teacher of the neurologically handicapped and that a psychiatric social worker shall be permitted to obtain the child's developmental history in an interview of one of the infant plaintiff's parents. As so modified, order affirmed inso-

far as appealed from, without costs or disbursements. The additional examination and the interview, as well as the psychiatric examination ordered by Special Term (if not already conducted) shall take place at such time and place as shall be fixed in a written notice by the defendant of not less than 10 days, or at such other time and place as the parties may agree.

Plaintiffs allege that the infant plaintiff, as the result of a collision when he was seven years old, suffers from serious learning disabilities, hyperactivity, and other neurological problems. He was examined and extensively tested by doctors and testing centers chosen by plaintiffs. Based on the results of these tests and reports and on plaintiffs' bill of particulars, Ms. Annella Stevens, a teacher of the neurologically handicapped, recommended to defendant that three further examinations of the infant be made, respectively, by a psychologist, to assess the child's current intellectual ability (two hours), a psychiatrist, to determine whether neurological problems exist (one hour), and Ms. Stevens herself to assess the child's language processing and visual observation abilities (one hour). She also recommended that a psychiatric social worker interview one of the parents prior to these examinations in order to obtain the child's developmental history. Upon plaintiffs' refusal to submit to more than a single one-hour examination, defendant moved, *inter alia,* for an order directing plaintiffs to submit to these examinations and interview. Special Term granted the motion to the extent of ordering the examination by the psychiatrist and granting other relief not in issue on appeal, and otherwise denied the motion as overly burdensome.

Defendant has demonstrated that the additional examination by Ms. Stevens and the interview to obtain the developmental history would yield information material and relevant to the defense (*Carden v Callocchio,* 100 AD2d 608; *Korolyk v Blagman,* 89 AD2d 578). To the extent granted herein, these examinations and the interview will not unnecessarily duplicate existing information and will not be overly burdensome. Plaintiffs have given no reason sufficient to support denial of this relief (*cf. Goldman v Linkoff,* 45 AD2d 709). Under the circumstances of this case, we substitute our discretion for that of Special Term (*see, Jacques v Sears, Roebuck & Co.,* 30 NY2d 466; *Carden v Callocchio, supra*) and grant defendants request to the extent indicated. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.