(August 12, 1985)

■ JOANN L. ABBENE et al., Respondents, v CHRYSLER CORPO-

RATION, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., defendant Chrysler Corporation appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated March 13, 1984, as denied that branch of its motion which sought to conduct an additional examination of plaintiff by a clinical psychologist, and (2) from so much of an order of the same court, dated June 6, 1984, as, in effect, upon granting reargument, adhered to its original determination with respect to the aforenoted branch of appellant's motion.

Appeal from the order dated March 13, 1984 dismissed, without costs or disbursements. That order was superseded by the order dated June 6, 1984, made upon reargument.

Order dated June 6, 1984 reversed insofar as appealed from, without costs or disbursements, and that branch of defendant Chrysler's motion which sought a further examination of plaintiff by a clinical psychologist granted. The examination shall take place at such time and place as shall be fixed in a written notice by appellant of not less than 10 days, or at such other time and place as the parties may agree. The time within which appellant may serve such notice is extended until 10 days after service upon it of a copy of the order made hereon, with notice of entry.

Under the particular circumstances of this case, defendant Chrysler has adequately demonstrated the need for a more thorough disclosure of plaintiff's mental condition by an expert in the discipline of clinical psychology (CPLR 3121; *Carden v Callocchio,* 100 AD2d 608; *see also, Vaupel v Church Charity Found.,* 49 AD2d 932; *Korolyk v Blagman,* 89 AD2d 578). Accordingly, we substitute our discretion for that of Special Term (*see, Jacques v Sears, Roebuck & Co.,* 30 NY2d 466; *Carden v Callocchio, supra*) and grant defendant Chrysler's request for such an examination. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.