■ CHARLES L. FOSTER et al., Respondents, v RICHARD J. HASTINGS, et al., Appellants. (Action No. 1.) CHARLES L. FOSTER et al., Respondents, v ERDOGAN ERGENER, Appellant. (Action No. 2.)—In a medical malpractice action, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), entered August 9, 1984, which denied their respective motion and cross motion for additional discovery.

Order affirmed, with costs payable by the appellants appearing separately and filing separate briefs.

In this action alleging medical malpractice in the treatment of injuries sustained in an automobile accident, Special Term properly denied the defendants' respective motion and cross motion for discovery additional to that permitted by an order dated September 1, 1983 (Underwood, J.), entered on consent as the result of a discovery conference. The record reveals that many of the items now demanded, such as X rays taken by the examining physician, could have been requested at the time of the earlier motion, and that many other items, such as the plaintiff Charles L. Foster's deposition in a lawsuit commenced against him with respect to liability in the underlying accident, are irrelevant to the instant malpractice action. Special Term was correct, therefore, in determining that the defendants were not entitled to the additional discovery. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.

Weinstein, J., concurs in part and dissents in part, and votes to modify the order appealed from, in accordance with the following memorandum: A mandate that parties request discovery of specific items prior to a precalendar conference, even when the existence of such items does not come within

their knowledge until a later point, would place an irrational and grossly prejudicial burden upon those parties. In the instant case, the deposition of the plaintiff Charles L. Foster was taken on March 16, 1984, some six months after the date of the precalendar order. In the course of his deposition, Mr. Foster revealed that there had been two passengers in his vehicle at the time of the accident which allegedly gave rise to the subject injuries. Litigation against him was initiated by both the surviving passenger and the deceased passenger's estate. Shortly after Mr. Foster's deposition in the instant matter, the defendants demanded, *inter alia,* copies of any pleadings and deposition transcripts given by him in the aforementioned related actions. Said papers have not been provided.

"The discovery provisions of the CPLR have traditionally been liberally construed to require disclosure 'of any facts bearing on the controversy which will assist [parties'] preparation for trial' * * * 'The test is one of usefulness and reason' " *(Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 461). Depositions of Mr. Foster taken in the course of the litigation emanating from the motor vehicle accident in which he sustained his injuries might conceivably be probative of his physical condition and complaints at the time. Moreover, the defendants could not have reasonably anticipated the need to make these specific demands at the time of the precalendar conference, at which point Mr. Foster had not yet been deposed. Accordingly, it was an abuse of discretion for Special Term to have denied this aspect of the defendants' applications for further discovery.

With respect to the remaining items sought, I concur with my colleagues that the motion and cross motion were properly denied. In my view, disclosure with respect to these items either could and should have been requested at the time of the precalendar conference or is patently irrelevant to a medical malpractice action. However, I specifically wish to avoid any implication that disclosure of specific items not requested at a precalendar conference is thereby automatically waived.

In conclusion, I vote to modify the order appealed from to grant the defendants' requests that the plaintiff Charles Foster be directed to furnish copies of any pleadings and deposition transcripts of Mr. Foster from the related litigation concerning the motor vehicle accident in which his injuries were sustained. As so modified, the order appealed from should be affirmed.