■ Steven Cooper et al., Respondents, v Ira Cheek, Defendant, and Frances Beasley, et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants Frances Beasley and Daryl K. Beasley appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated March 13, 1985, which denied their motion to vacate the plaintiffs' note of issue and statement of readiness, strike the case from the Trial Calendar, and order physical examinations of the plaintiff Steven Cooper.

Order modified, by granting the motion to the extent that the appellants shall be permitted to conduct an ophthalmological examination of the plaintiff Steven Cooper upon condition that, within 20 days after service upon the appellants of a copy of the order to be made hereon, with notice of entry, the appellants' counsel shall pay to the plaintiffs the sum of $1,000. As so modified, order affirmed, without costs or disbursements. The examination shall take place after the payment to the plaintiffs of the sum of $1,000 at the office of the physician designated by the appellants, within 30 days after service of a copy of the order to be made hereon, with notice of entry, upon the plaintiffs' attorney. In the event counsel for the appellants does not timely pay the $1,000, the order is

affirmed, with costs. This case shall remain on the Trial Calendar.

On March 4, 1980, the plaintiff Steven Cooper, a passenger in a car owned by the defendant Frances Beasley and operated by the defendant Daryl K. Beasley, was injured in an accident involving the Beasley vehicle and another vehicle owned by the defendant Ira Cheek.

On or about June 9, 1981, the plaintiffs served a bill of particulars pursuant to demand, which set forth numerous injuries, including the following injuries to the injured plaintiff's left eye: "Ruptured left globe with hemorrhage, corneal laceration, prolapse of the uvea and a traumatic cataract, all requiring surgical procedure for prepair [sic]; plaintiff remains with a scar of the left cornea secondary to repaired corneal laceration, irregular iris and many synechiae and the prognosis for useful vision is poor because because of the corneal scarring and damage to the uvea and vitreous".

On or about that same date, the plaintiffs served a notice for physical examination with which the appellants failed to comply. Instead, they attempted to informally arrange for examinations by three separate physicians—an internist, an ophthalmologist and a plastic surgeon. Eventually, after a court order, the internist examined the injured plaintiff on behalf of the appellants. Three years then elapsed, and the plaintiffs filed a note of issue and statement of readiness. The appellants moved to strike the note of issue and statement of readiness and to compel the injured plaintiff to submit to further examinations by their ophthalmologist and plastic surgeon, which motion was denied by Special Term.

It is apparent that the parties have not strictly complied with 22 NYCRR former 672.1, now 202.17 (a). In light of the alleged serious nature of the plaintiff Steven Cooper's eye injuries requiring examination by a physician with a specialty in ophthalmology, we substitute our discretion for that of Special Term (see, Abbene v Chrysler Corp., 112 AD2d 964) to permit such an examination (see, Schussheim v Beam's Drug Corp., 45 AD2d 1047; Carden v Callocchio, 100 AD2d 608). By reason of the appellants' lengthy and unexcused delay in requesting these examinations, the examination shall be conditioned upon payment by the appellants' counsel of $1,000 directly to the plaintiffs (see, Brooks v Long Is. Coll. Hosp., 114 AD2d 879; Carrano v Mistratta, 91 AD2d 1056). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.