■ JUDITH S. NATHANSON et al., Respondents, v ELIZABETH JOHNSON et al., Appellants.—Order, Supreme Court, New York County (Kenneth Shorter, J.), entered June 21, 1985, which denied defendants' motion for an order (1) directing the injured plaintiff to submit to neurological and dental examinations, and (2) directing compliance with a prior discovery order, reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted.

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered December 6, 1985, which denied defendants' motion to orally examine a Florida physician, modified, on the law and the facts and in the exercise of discretion, without costs, to delete the last sentence which prohibits defendants from calling the Florida physician as their witness at trial, and otherwise affirmed.

On September 12, 1983, the plaintiff Judith S. Nathanson was involved in an accident with an automobile owned by defendant Edward Johnson and operated by defendant Elizabeth Johnson. The complaint by plaintiff and her husband seeks damages in the amount of $2,250,000. We observe at the outset that the parties appear to have chosen a procedural course not entirely in conformity with the rules ordinarily governing, and accordingly our determination of this appeal is particularly limited to the facts herein.

On December 28, 1983, plaintiffs served upon defendants a bill of particulars, together with a notice for physical examination, which contained a standard provision that all medical reports of physicians who had treated or examined the plaintiff would be served on defendants at least 20 days before the examination by defendants. At the 8A conference held on November 8, 1984, Justice Tyler directed completion of discovery within 60 days of his order, EBT's at least 60 days before trial, physical examination of plaintiff at least 30 days before trial, and a statement of readiness to be filed on or before May 1, 1985. Plaintiffs noticed the case for trial in December 1984, apparently before disclosure was even commenced.

On March 1, 1985, plaintiff submitted to a physical examination by Dr. George Murphy, a general and orthopedic surgeon, who has since died. His report noted that no hospital or X-ray records were presented by claimant for his review, despite the provision on plaintiffs' notice that all such reports would be submitted 20 days prior to such examination, and he recommended further examinations by a dentist and a neurologist in view of the history provided by plaintiff, and her subjective complaints. Thereafter, on March 5 and April 11, plaintiffs forwarded to defendants a stack of medical reports and hospital records confirming the need for further examinations by dental and neurological specialists.

Following receipt of Dr. Murphy's report and recommendations, and the medical reports and records belatedly forwarded by plaintiffs, defendants' insurance company retained outside counsel who promptly moved to compel plaintiffs to comply with the 8A discovery order, and to have plaintiff examined by a neurologist and a dentist. Special Term denied the motion, by order entered June 21, 1985, observing that that action had been on the Trial Calendar for six months—a circumstance we note was brought about by plaintiffs' prematurely noticing the case for trial—and that defendants were not entitled to further discovery "merely because of the substitution of counsel." In view of the heavy motion calendars and

consequent time constraints generally facing Special Term Justices, we can appreciate how the court might have perceived defendants' request for further medical examinations as being procedurally untimely, and might also have overlooked the factors brought to our attention on this appeal which are more easily perceived after consideration of briefs and an organized record. Under the particular circumstances herein presented, and in the light of a suit seeking over $2 million in damages, we are persuaded that defendants' request for additional examinations should be granted (see, Carden v Callocchio, 100 AD2d 608). We further direct compliance with the 8A order for discovery of the names and addresses of witnesses, W-2 forms, and related materials that should have been provided by the plaintiffs within 60 days, as directed by Justice Tyler in his 8A conference order.

Turning now to defendants' second appeal, defendants were apprised at an EBT that on February 15, 1985, plaintiff had been examined by a Dr. Richard Kishner in Florida, on behalf of her own insurer, which had thereupon terminated her no-fault benefits based on his report. Defendants moved to take Dr. Kishner's deposition in Florida, as a nonparty witness under CPLR 3101 (a) (3) and (4). Special Term denied this application on the basis that defendants already had a medical expert available to testify as to plaintiff's physical condition, and we perceive no reason to interfere with this exercise of discretion, particularly in view of our determination herein that defendants are entitled to have plaintiff examined by a neurologist and a dentist. Compare Slabakis v Drizin (107 AD2d 45), where we held it error to deny defendants permission to examine a nonparty witness who had exclusive, material and relevant information as to the reason why a real estate transaction was not consummated, which would have a bearing on that plaintiff's entitlement to a brokerage fee.

We disagree only with that part of Special Term's December 6, 1985 order which appears to preclude the defendants from using Dr. Kishner as an expert witness at trial. In our view this is a matter which should appropriately be determined by the Justice presiding at the trial, and accordingly we direct that the last sentence of the order entered December 6, 1985 be deleted. Concur—Sandler, J. P., Sullivan, Milonas and Kassal, JJ.