■ LITA STARLING, Respondent, v ALAN WARSHOWSKI, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated November 3, 1986, which denied his motions to compel the plaintiff to comply with a demand for authorizations, a notice for discovery and inspection, and to submit to a physical and psychiatric examination.

Ordered that the order is modified by deleting the provision thereof denying the defendant's motion to compel the plaintiff to submit to a physical and psychiatric examination and by substituting a provision granting that motion; as so modified the order is affirmed, without costs or disbursements; and it is further,

Ordered that the physical and psychiatric examination of the plaintiff shall be held at a time and place to be specified in a notice of not less than 10 days to be served upon the plaintiff by the defendant, together with a copy of this decision and order, with notice of entry.

Contrary to the defendant's contentions, the plaintiff's failure to request a protective order does not constitute an absolute bar to the right to object to the disclosure of items where, as here, the disclosure request is palpably improper *(see, Kerwick v Orange County Publ.,* 110 AD2d 1016; *Park Knoll Assocs. v Schmidt,* 99 AD2d 772; *Zambelis v Nicholas,* 92 AD2d 936). The plaintiff's papers submitted in opposition to the defendant's motion to compel disclosure demonstrated that the majority of items contained in the defendant's demand for authorizations and his notice for discovery and inspection were overbroad, duplicative, or irrelevant. Moreover, although we find no merit to the plaintiff's contention that a prior discovery order constituted the "law of the case", the defendant, nevertheless, could have requested some of the items now demanded at the precalendar discovery conference which was conducted prior to the submission of the instant motion for additional discovery *(see, Foster v Hastings,* 122

AD2d 20). Additionally, we note that while some of the items contained in the defendant's demand for authorizations might be considered proper, the burden of serving a proper demand is upon counsel. Under such circumstances, the suitable remedy "is not successive prunings of the demand * * * by eliminating some items and portions of others, but rather a vacatur of the entire demand" (see, Carroad v Regensburg, 17 AD2d 734; Itzkoff v Allstate Ins. Co., 59 AD2d 854; see also, Chrysler Corp. v Fedders Corp., 62 AD2d 943). Accordingly, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to compel the plaintiff to comply with his demands for authorizations and inspection.

We find, however, that the defendant is entitled to conduct both a physical and psychiatric examination of the plaintiff, pursuant to his demand. The plaintiff has placed her medical and psychiatric condition at issue by requesting damages for physical as well as psychic injuries. Accordingly, the defendant should have thorough disclosure of both aspects of the plaintiff's condition by experts in the respective disciplines (see, Abbene v Chrysler Corp., 112 AD2d 964; Carden v Callocchio, 100 AD2d 608; Mignott v Sears, Roebuck & Co., 86 AD2d 794). The order appealed from is, therefore, modified, to the extent indicated herein. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.