■ SALVATORE D'AMICO et al., Appellants, v MANUFACTURERS HANOVER TRUST Co. et al., Respondents and Third-Party Plaintiffs-Respondents, and MANHATTAN LADDER Co., INC., et al., Respondents. ALLIED MAINTENANCE CORP., Third-Party

Defendant-Respondent.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 7, 1991, which granted the motion of third-party defendant Ogden Allied Maintenance Corp. (sued herein as Allied Maintenance Corp.) to compel plaintiff Salvatore D'Amico ("plaintiff") to submit to an examination by a licensed occupational therapist, unanimously reversed, on the law, the motion denied, and the order directing plaintiff to appear for examination vacated, without costs.

Plaintiff alleges that he is totally and permanently disabled as the result of injuries suffered when, in the course of his employment as a window washer, a wooden ladder upon which he was standing collapsed. Plaintiff was examined by two physicians specializing in orthopedic medicine, who determined that he sustained a compression fracture of the L3 vertebra, severe compression and crush fractures of the right foot and a cuboid dislocated fracture of the left mid-foot.

Pursuant to CPLR 3121 and 3101, third-party defendant Ogden Allied Maintenance Corp. ("Allied") moved to compel plaintiff to submit to an evaluation by an occupational therapist to assess his ability to engage in alternative employment. Plaintiff opposed the application on the ground that CPLR 3121 permits evaluation only by physicians. Supreme Court granted the motion and directed plaintiff to submit to the examination, citing as authority CPLR 3121 and 3101, generally. Plaintiff appeals.

We discern nothing in the Civil Practice Law and Rules or in the Uniform Rules for Trial Courts which extends the scope of discovery to include examination of a party by someone other than a physician. Whenever the mental or physical condition of a party or a blood relationship is in controversy, CPLR 3121 and Uniform Rules for Trial Courts (22 NYCRR) § 202.17 provide only for "examination by a designated physician" (CPLR 3121 [a]) and not by others employed in the allied health professions. *Expressio unius est exclusio alterius:* by designating specifically the class of persons who may conduct a physical examination, the Legislature must be deemed to have excluded examination by any other class of persons (McKinney's Cons Laws of NY, Book 1, Statutes § 240).

Nor does CPLR 3101 operate to expand the scope of an examination governed by CPLR 3121. "It is a well established principle in the construction of statutes that, whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular enactment is inapplicable" (McKinney's

Cons Laws of NY, Book 1, Statutes § 238). There can be no cavil that it is the physical condition of plaintiff which is in controversy and, therefore, that examination is governed by CPLR 3121.

Third-party defendant Allied seeks to require plaintiff to undergo an examination by a "vocational rehabilitation counselor" or licenced occupational therapist. As noted, plaintiff has already been subjected to two physical examinations, including an orthopedic examination conducted at the behest of Allied. Both physicians made detailed findings regarding plaintiff's physical condition. Allied does not suggest that its vocational expert is qualified to make independent findings regarding plaintiff's physical condition and advances no reason why an assessment of his capacity for gainful employment cannot be made in the usual way from an evaluation of the medical findings. Indeed, Allied's application to compel the examination fails to reveal the nature of the procedures to be employed by the vocational rehabilitation counselor to arrive at an independent assessment of plaintiff's employment potential. Therefore, while we regard the examination ordered in *Burger v Bladt* (112 AD2d 127, 128) as contrary to statute, defendants herein have not fulfilled even the criteria enunciated in that case by demonstrating that the proposed examination "will not unnecessarily duplicate existing information and will not be overly burdensome". Thus, even if it is assumed, *arguendo,* that unusual circumstances may warrant a departure from the clear language of the statute, Allied has failed to establish either that the injury sustained by plaintiff in this action requires resort to extraordinary procedures for its evaluation or that the particular procedures proposed will not unduly burden plaintiff. In the context of the discovery already conducted in this case, the proposed examination must be regarded as abusive (CPLR 3103 [a]). (Of course, in view of this conclusion, any question by trial counsel directed to the lack of an examination of plaintiff by defendant's specialist would be most improper.)

In disregarding statutory limits on examination of a party and placing the burden on the party to demonstrate why the examination should not be conducted, the way is opened for examinations by "vocational rehabilitation counselors" or occupational therapists, rehabilitation specialists, physical therapists, speech pathologists and, according to *Burger v Bladt (supra),* psychologists and special education teachers, among others. Such enlargement of the scope of CPLR 3121 is the province of the Legislature and should not be effected by

judicial fiat. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.