■ ERNEST JOHNSON, Respondent, v MORAN TOWING & TRANSPORTATION CO., INC., Appellant. [599 NYS2d 36] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered September 17, 1992, which denied defendant's motion seeking a physical examination of plaintiff by its designated examining physician, a board certified specialist in physical rehabilitation medicine, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion granted, without costs.

Where plaintiff claims that he will be unable to ever return to work because of his injuries, and the report of the neurologist who examined plaintiff on behalf of defendant states that plaintiff "would certainly be a candidate for occupational rehabilitation in an area which would avoid heavy lifting or bending", defendant should be permitted to have plaintiff further examined on this point. This is especially appropriate in that plaintiff in his supplemental bill of particulars for the first time claims the sum of $2,250,000 for future loss of earnings. Given the efforts of organizations such as the International Center for the Disabled, a New York based not-for-profit group offering everything from medical services to vocational training, including literacy instruction and evaluation and job-placement advice for people with disabilities, and N.Y.U.'s Rusk Institute, with which defendant's expert is affiliated, it is not unreasonable to require plaintiff to be examined as to his possibilities for future employment despite his injuries. Plaintiff's reliance upon *D'Amico v Manufacturers Hanover Trust Co.* (182 AD2d 462) is misplaced, inasmuch as the expert designated by defendant is a physician. Concur—Murphy, P. J., Sullivan, Milonas, Kupferman and Kassal, JJ.