■ Mark D. Peterson et al., Respondents, v Thomas Zuercher, Jr., et al., Appellants. (Appeal No. 1.) [605 NYS2d 689] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on the issue of future lost wages only in accordance with the following Memorandum: Supreme Court properly denied defendants' motion to compel plaintiff Mark D. Peterson (plaintiff) to submit to a physical examination by a vocational rehabilitation specialist. That motion was made after the note of issue and statement of readiness had been filed, and defendants failed to demonstrate special, unusual or extraordinary circumstances warranting further discovery *(see, Gould v Marone,* 197 AD2d 862; *Stanovick v Donner-Hanna Coke Corp.,* 116 AD2d 1000). Furthermore, the statute that authorizes a physical examination of an opposing party by a physician does not authorize a physical examination by a vocational rehabilitation specialist

*(see,* CPLR 3121; *D'Amico v Manufacturers Hanover Trust Co.,* 182 AD2d 462, 463-464).

Contrary to defendants' contention, the court did not abuse its discretion in refusing to permit them to present testimony of an orthopedic surgeon who examined plaintiff on behalf of the third-party defendant *(see, Stern v Calzado,* 163 AD2d 299). Defendants did not advise plaintiffs of their intention to use him as a witness until the midst of the trial, which effectively deprived plaintiffs of an adequate opportunity to prepare for his cross-examination *(see, Stern v Calzado, supra,* at 300).

Defendants' application to set aside the verdict and for a new trial on the ground of juror misconduct was properly denied. Defendants failed to show any prejudice resulting from the asserted misconduct *(cf., Fitzgibbons v New York State Univ. Constr. Fund,* 177 AD2d 1033).

Defendants are entitled, however, to a new trial on the issue of plaintiff's future lost earnings because the conduct of plaintiffs' counsel deprived defendants of a fair trial on that issue *(see, Poole v Consolidated Rail Corp.,* 80 NY2d 184, 198-200, *rearg denied* 81 NY2d 835, *cert denied* — US —, 114 S Ct 68). Plaintiffs' counsel engaged in a prejudicial attack upon the testimony of defendants' examining physician. During cross-examination, counsel suggested that the physician's examination and assessment of plaintiff's condition were flawed because he failed to consider the report prepared by the third-party defendants' examining physician, which was excluded from evidence upon plaintiffs' motion *(see, Poole v Consolidated Rail Corp., supra,* at 199). Finally, counsel should not have been permitted to make comments concerning the availability and suitability of employment in the area that were not supported by any evidence in the record *(see, Swanson v Evans Oil,* 12 AD2d 875).

The principal issue at trial was the amount to be awarded for plaintiff's future lost earnings, and the misconduct of counsel was sufficiently egregious to have prevented defendants from receiving a fair trial on that element of plaintiffs' damages. We conclude, however, that counsel's improprieties affected only the jury's award for future lost earnings and that there is no need for a new trial on the issues of liability or the amount of damages for medical expenses, pain and suffering, loss of services or past lost wages *(see, Hogue v Wilson,* 51 AD2d 424, 426).

We modify the judgment, therefore, by vacating those por-

tions of the judgment awarding damages for future lost wages and grant a new trial on the issue of future lost wages only. (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Negligence.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ. *[See, Peterson v Zuercher,* 152 Misc 2d 684.]