■ MICHAEL T. KRAJEWSKI et al., Respondents, v DAVID J. ROSINSKI et al., Appellants. [622 NYS2d 367] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 14, 1994 in Schenectady County, which, *inter alia,* granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

This appeal by defendants concerns a motor vehicle accident which occurred at the entrance ramp to Interstate Route 890 in the City of Schenectady, Schenectady County, when the front end of defendants' vehicle collided with the rear end of a vehicle operated by plaintiff Michael T. Krajewski. As a result, Krajewski and his wife sued in negligence for the damages sustained. Issue was joined, depositions were completed and plaintiffs filed a note of issue and certificate of readiness. Defendants moved to strike plaintiffs' note of issue and also moved for an order compelling compliance with defendants' further discovery demands, including expert disclosure, that allegedly were preserved by an oral stipulation. Plaintiffs cross-moved for a protective order and an order granting partial summary judgment on the issue of liability. Supreme Court ordered Krajewski to submit to a dental examination as well as an orthopedic or neurological examination. The court also granted partial summary judgment to plaintiffs in regard to liability. Defendants appeal.

We disagree with the order of Supreme Court insofar as it granted plaintiffs summary judgment on the issue of liability and accordingly reverse that part of the order granting such relief. Although we believe that plaintiffs made a sufficient initial showing by evidentiary proof in admissible form of their entitlement to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562), we consider defendants' opposition to plaintiffs' motion sufficient to demonstrate triable issues of fact *(see, supra).* Defendants' deposition testimony and affidavit describe traffic on the access road to Route 890 at the time to be "stop and go", and state that Krajewski's car suddenly and unexpectedly stopped in front of defendants, causing both cars to collide at the approximate speed of four miles per hour. This evidence was sufficient to establish a triable issue as to whether the collision was solely the result of defendants' negligence *(see, DeCosmo v Hulse,* 204 AD2d 953).

The other determinations made by Supreme Court should

not be disturbed. Defendants are not entitled to a nonmedical examination by an occupational therapist. The provision of CPLR 3121 (a) providing for an examination by a "designated physician" has been interpreted to exclude those outside the medical profession such as occupational therapists (see, Peterson v Zuercher, 198 AD2d 797, 798). Furthermore, such an examination would be unnecessarily duplicative and overly burdensome (cf., Burger v Bladt, 112 AD2d 127, 128).

Defendants further argue that plaintiffs should be required to provide expert disclosure upon filing their note of issue. Supreme Court directed plaintiffs to disclose the identity of expert witnesses at least 30 days before trial, rather than immediately upon filing their note of issue. Inasmuch as CPLR 3101 (d) (1) (i) does not set forth a time frame for expert disclosure but merely requires such information be offered "[u]pon request", we find that the ruling of Supreme Court complied with our interpretation of the statute in Bauernfeind v Albany Med. Ctr. Hosp. (195 AD2d 819, 820, lv denied 82 NY2d 885), and with the Uniform Rules for Trial Courts (see, 22 NYCRR 202.17 [g]). Finally, as Supreme Court recently recently struck this case from the trial calendar, defendants' argument to vacate plaintiffs' note of issue is moot.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' cross motion for partial summary judgment on the issue of liability; cross motion denied to that extent; and, as so modified, affirmed.