■ CHRISTOPHER AGLI, Appellant, v TURNER CONSTRUCTION Co., INC., et al., Respondents. (And a Third-Party Ac-

tion.) [660 NYS2d 12] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 2, 1996, which, insofar as appealed from, granted defendant Turner Construction Co.'s motion to compel plaintiff to submit to an examination by a "vocational rehabilitation expert," unanimously reversed, on the law, with costs, and the motion denied.

In this personal injury action, defendant Turner Construction Co. moved to compel plaintiff to submit to an examination by a vocational rehabilitation specialist on the issue of plaintiff's claims of future lost earnings. Plaintiff objected to the motion, noting that he already had been examined by three physicians designated by the defendants, that his abilities in this regard have already generated a record of over 500 pages and that he cannot be compelled to submit to an examination by anyone other than a physician.

Plaintiff is correct that, as we previously held in *D'Amico v Manufacturers Hanover Trust Co.* (182 AD2d 462, 463), the permissible scope of discovery, under the CPLR as well as the Uniform Rules for Trial Courts, does not extend to an "examination of a party by someone other than a physician." Here, the IAS Court granted defendant's request in a single sentence, without reference to the *D'Amico* decision or requiring that such additional examination, if indeed necessary, be conducted by a physician (*see, e.g., Paris v Waterman S. S. Corp.*, 218 AD2d 561, *appeal withdrawn* 87 NY2d 860; *Johnson v Moran Towing & Transp. Co.*, 194 AD2d 445). We reject defendant's argument that *D'Amico* was erroneously decided and should not be followed. Accordingly, the motion should be denied. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.