■ HARRY DIVIESTI et al., Appellants, v PETER SUDDS et al., Respondents. [672 NYS2d 357] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated February 6, 1997, which directed the injured plaintiff to be examined by the defendants' vocational rehabilitation expert, and (2) so much of an order of the same court, dated April 16, 1997, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated February 6, 1997, is dismissed, as that order was superseded by the order dated April 16, 1997, made upon reargument; and it is further,

Ordered that the order dated April 16, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The instant action was commenced by the plaintiffs against the defendants to recover damages for personal injuries which the injured plaintiff allegedly suffered when his car was struck in the rear by the defendants' vehicle. At a pretrial conference, the plaintiffs served notice that they intended to use a vocational rehabilitation expert at trial to bolster their claim of lost earnings. The Supreme Court thereafter directed the injured plaintiff to be examined by the defendants' own vocational rehabilitation expert.

Under the circumstances of this case, the Supreme Court properly held that a "personal evaluation" of the injured plaintiff by the defendants' expert in the field of vocational rehabilitation would yield information which, under CPLR 3101 (a), is "material and necessary" to the defense of the action (*see also, Kavanagh v Ogden Allied Maintenance Corp.,* 245 AD2d 341; *Burger v Bladt,* 112 AD2d 127; *LaBossiere v Hudson,* 187 AD2d 411). Further, the "plaintiffs have not alleged that they will be prejudiced by the examination, nor have they given any reason sufficient to support the denial of the relief sought" (*see, LaBossiere v Hudson, supra,* at 412). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.