■ Galina Barenboim et al., Respondents, v Schindler Elevator Corporation, Appellant and Third-Party Plaintiff-Appellant. Blue Cross/Blue Shield of Greater New York et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (And Another Action.) [671 NYS2d 659] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered September 15, 1997, which, in an action for personal injuries allegedly caused by a malfunctioning elevator, denied defendant and third-party plaintiff elevator maintenance company's motion (1) to amend its third-party complaint against plaintiff's employer so as to include claims that plaintiff's injuries were aggravated by the employer's post-accident violations of duties it owed to plaintiff under the Americans With Disabilities Act, Civil Rights Law and Executive Law, and (2) to compel plaintiff to submit to a vocational rehabilitation examination, unanimously affirmed, without costs.

Leave to amend the third-party complaint was properly denied for lack of any evidentiary support for the proposed causes of action. The requested examination of plaintiff by a vocational rehabilitation expert was properly denied since disclosure under CPLR 3121 does not extend to an examination of a party by someone other than a physician (*Agli v Turner Constr. Co.*, 241 AD2d 312). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.