OPINION OF THE COURT
Bernard F. McCaffrey, J.
The underlying issue in this personal injury matter concerns *564 whether in addition to physical examinations by an orthopedist, a neurologist and a psychiatrist, plaintiff Marcy Luxenberg who slipped and fell on ice in defendant’s parking lot must also submit to an “interview and examination”, pursuant to CPLR 3121, by a person not a physician, to wit, an occupational and rehabilitation therapist.
At the outset, defendant Jericho Atrium Associates, Inc. (hereinafter Jericho) contends that plaintiffs’ sole basis for objecting to this examination is that Morris Ehrenreich, Ph D is not a “physician”. Further, they contend that plaintiffs rely upon cases in the Appellate Division, First Department, in support of their position rather than those of the Appellate Division, Second Department, which differ and are controlling.
There is no question that, even as of this date, both the First and Second Departments of the Appellate Division hold diametrically opposite positions regarding this aspect of day-today personal injury practice where, pursuant to CPLR 3121, a defendant in a personal injury matter seeks to have a plaintiff examined by a person other than a physician, such as an occupational and vocational rehabilitation specialist (Agli v Turner Constr. Co., 241 AD2d 312 [1st Dept 1997]; D'Amico v Manufacturers Hanover Trust Co., 182 AD2d 462 [1st Dept 1992]). The holdings of the Third and Fourth Departments would appear to be more consistent with those of the First Department (Krajewski v Rosinski, 212 AD2d 886 [3d Dept 1995]; Peterson v Zuercher, 198 AD2d 797 [4th Dept 1993]).
Thus, this court as well as all trial courts within the Second Department are mandated to follow the 1985 decision of the Appellate Division, Second Department, in Burger v Bladt (112 AD2d 127), as reaffirmed in Kavanagh v Ogden Allied Maintenance Corp. (245 AD2d 341 [1997]) and Diviesti v Sudds (249 AD2d 503 [1998]) as there has been no legislation or Court of Appeals determination to resolve this ongoing conflict between this Department and the remaining three Departments.
On or about February 1, 1996 plaintiff Marcy Luxenberg slipped and fell in the parking lot of defendants’ 500 North Broadway, Jericho, New York premises. This personal injury action was thereafter commenced. Her March 31, 1997 bill of particulars alleges substantial injuries to, inter alia, her neck, spine and left shoulder, arm and wrist. She has also allegedly been incapacitated and unable to return to her job as a “secretary/receptionist” since the accident. During a subsequent deposition, she reiterated her present inability to work and *565 uncertainty about the future. Her counsel’s April 9, 1998 affirmation attributes her professed inability to work to “physical pain and drug dependency as a result of the injuries suffered in this accident.”
The parties therefore stipulated that she would appear for physical examinations by an orthopedist, neurologist and psychiatrist designated by defendants (CPLR 3121). Plaintiffs have, however, objected to defendants’ March 10, 1998 request that she also be examined by Dr. Ehrenreich, an occupational-vocational rehabilitation specialist since they contend that he is not a “physician” as mandated by CPLR 3121.
CPLR 3121 (a) and (b) state (in part):
“After commencement of an action in which the mental or physical condition or the blood relationship of a party, or of an agent, employee or person in the custody or under the legal control of a party, is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician * * *
“A copy of a detailed written report of the examining physician setting out his findings and conclusions shall be delivered by the party seeking the examination to any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in controversy.”
Defendants mainly rely upon Burger v Bladt (112 AD2d 127 [2d Dept 1985], supra) as controlling in this Department. That matter was an action to recover for personal injuries sustained by an infant alleging serious learning disabilities, hyperactivity and other neurological problems and who was examined and tested by doctors and testing centers chosen by plaintiffs. The Appellate Division, Second Department, held that pursuant to the provisions of CPLR 3121 the defendant was entitled to have the infant examined by nonphysicians, that is, by a teacher of the neurologically handicapped and have a psychiatric social worker interview one of infant’s parents in order to obtain the child’s developmental history. It held that an additional examination and interview would yield material and relevant information to the defense without unnecessarily duplicating existing information. The additional disclosure would not therefore be overly burdensome nor had plaintiffs given any reason sufficient to support denial of the requested relief.
Notably, that case involved claims of psychological or neurological injuries for which the defendant’s existing physical examinations were determined to be insufficient.
*566 Consequently, separate nonduplicative examinations by a psychiatrist and psychiatric social worker (Burger v Bladt, supra), child psychologist (LaBossiere v Hudson, 187 AD2d 411 [2d Dept 1992]) and neuropsychologist (Young v Kalow, 214 AD2d 559 [2d Dept 1995]) have been deemed warranted.
Conversely, on the present set of facts, the injuries recited in plaintiffs’ March 31, 1997 bill of particulars are essentially orthopedic and neurological in nature (as well as a 10-day confinement to a detoxification center attributed to an addiction to pain medication). As previously noted, plaintiffs have, however, previously stipulated to examinations by an orthopedist, neurologist and psychiatrist designated by defendants.
While Ms. Luxenberg’s purported inability to work is plainly a relevant issue since, inter alia, lost wages (“$32,818.00 and continuing”) are sought, the First, Third and Fourth Departments have, as noted, restricted CPLR 3121 and 22 NYCRR 202.17 to “physicians” and declined to order examinations by an occupational or rehabilitative therapist (D’Amico v Manufacturers Hanover Trust Co., 182 AD2d 462 [1st Dept 1992], supra; Peterson v Zuercher, 198 AD2d 797, supra; Agli v Turner Constr. Co., 241 AD2d 312, supra).
Plaintiffs assert that Marcy Luxenberg’s inability to work is due solely to physical pain and drug dependency incurred as a result of this accident.
Thus, in further support of their motion for a protective order denying defendant Jericho Atrium an examination by a vocational rehabilitation expert, they cite D’Amico (supra) wherein the First Department, in part, states its disagreement with the Second Department holding in Burger (supra): “We discern nothing in the Civil Practice Law and Rules or in the Uniform Rules for Trial Courts which extends the scope of discovery to include examination of a party by someone other than a physician.” (D’Amico v Manufacturers Hanover Trust Co., supra, at 463 [emphasis supplied].)
The Court further stated: “Therefore, while we regard the examination ordered in Burger v Bladt (112 AD2d 127, 128) as contrary to statute, defendants herein have not fulfilled even the criteria enunciated in that case by demonstrating that the proposed examination ‘will not unnecessarily duplicate existing information and will not be overly burdensome’.” (D'Amico v Manufacturers Hanover Trust Co., supra, at 464.)
Yet, defendant Jericho Atrium contends that the rule is different in this Department which has held that examinations *567 and interviews could, in certain circumstances, be conducted by persons other than physicians (Burger v Bladt, supra; LaBossiere v Hudson, 187 AD2d 411 [2d Dept 1992], supra; Young v Kalow, 214 AD2d 559 [2d Dept 1995], supra).
The rule in the Second Department would appear to have been further enunciated to specifically set forth a standard of “reciprocity” and ensure a “level playing field”. Thus, once a defendant has shown that the plaintiff has engaged their own nonphysician vocational rehabilitation specialist in preparation for trial, then, at least in the Second Department, the defendant, pursuant to the provisions of CPLR 3121, would be permitted to have the injured plaintiff interviewed and tested by its own nonphysician vocational rehabilitation expert (Kavanagh v Ogden Allied Maintenance Corp., 245 AD2d 341 [2d Dept 1997], supra). The Court in Kavanagh held “[t]he court’s order was appropriate since, in essence, it granted reciprocity to Ogden because the plaintiffs had engaged their own nonphysician vocational rehabilitation expert in preparation for such expert testimony at trial.” (Supra, at 342.)
Even more recently, on April 27, 1998, the Second Department reaffirmed Kavanagh (supra) in Diviesti v Sudds (249 AD2d 503, supra) wherein the plaintiff allegedly suffered personal injuries when his car was struck in the rear by defendants’ vehicle. The Court held that:
“ [a] t a pretrial conference, the plaintiffs served notice that they intended to use a vocational rehabilitation expert at trial to bolster their claim of lost earnings. The Supreme Court thereafter directed the injured plaintiff to be examined by the defendants’ own vocational rehabilitation expert.
“Under the circumstances of this case, the Supreme Court properly held that a ‘personal evaluation’ of the injured plaintiff by the defendants’ expert in the field of vocational rehabilitation would yield information which, under CPLR 3101 (a), is ‘material and necessary” to the defense of the action (see also, Kavanagh v Ogden Allied Maintenance Corp., 245 AD2d 341; Burger v Bladt, 112 AD2d 127; LaBossiere v Hudson, 187 AD2d 411). Further, the ‘plaintiffs have not alleged that they will be prejudiced by the examination, nor have they given any reason sufficient to support the denial of the relief sought’ (see, LaBossiere v Hudson, supra, at 412).” (Diviesti v Sudds, supra; see also, Bradley v Fisher Assocs., 251 AD2d 440 [2d Dept 1998].)
Significantly, plaintiffs have not, at least as of this date, designated a vocational or rehabilitative therapist as an expert *568 (CPLR 3101 [d] [1] [i]). Rather, to the contrary they imply that there is no need for such testimony as plaintiff’s inability to return to work is allegedly due to “pain and drug dependency” as a result of injuries sustained in the accident. Further, at least at this stage of the litigation, defendant Jericho Atrium has failed to either establish that Ms. Luxenberg’s claim is such that the three stipulated examinations would be inadequate or demonstrate a compelling need to obtain reciprocity such as in Kavanagh, Diviesti or Bradley (supra).
It has only shown that the plaintiffs’ loss of earnings claim is substantial. However, standing alone, that does not meet the criteria necessary to have Ms. Luxenberg examined by a non-physician pursuant to CPLR 3121 either under the Burger standard or the alternative criteria of Diviesti (supra) and its progeny. Plaintiffs have given sufficient reason to support denial of the relief sought by defendant Jericho Atrium and established that they would be prejudiced.
Accordingly, plaintiffs’ application for a protective order vacating Jericho Atrium’s demand that Marcy Luxenberg appear for an examination by Dr. Ehrenreich is granted. In the event Dr. Ehrenreich should testify at trial, plaintiffs’ counsel may not comment upon his failure to conduct an examination of Ms. Luxenberg (D’Amico v Manufacturers Hanover Trust Co., 182 AD2d 462, supra). Jericho Atrium’s cross motion is denied with leave to renew in the event plaintiffs retain an expert, such as a vocational or rehabilitation therapist, to preclude their utilization of this order as a sword as well as a shield (Kavanagh v Ogden Allied Maintenance Corp., supra; Diviesti v Sudds, supra).