■ LINDA SILVERSTEIN et al., Appellants, v HARMONIE CLUB OF THE CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County (Anthony F. Shaheen, J.), entered March 23, 1990, which, upon a jury verdict finding defendant The Harmonie Club of the City of New York 60% negligent, plaintiff Linda Silverstein 40% negligent, and fixing plaintiff Linda Silverstein's damages in the amount of $100,000, denied plaintiff Walter Silverstein any recovery for loss of consortium or services, and awarded judgment in favor of plaintiff Linda Silverstein against defendant in the sum of $60,000, modified, on the law and the facts, and the matter remanded for a new trial solely on the issue of apportionment of fault and otherwise affirmed, without costs and disbursements unless, within twenty days after service of a copy of this court's decision and order upon counsel for the respective parties defendants shall stipulate to the entry of an amended judgment in the sum of $90,000 with an amended recital that plaintiff Linda Silverstein's comparative fault is fixed at 10%, in which event the judgment, as so amended, is affirmed without costs.

While attending a wedding party and dancing with her husband at defendant's premises, Mrs. Silverstein was caused to fall to the floor and to sustain a severe fracture to her left wrist when her heel became caught in a sliding door track that defendant's employees had filled with rubber tubing and covered with a gray duct tape. Defendant does not challenge the jury's findings with respect to its own negligence nor in any other respect.

Plaintiffs, who have appealed, assail the verdict insofar as it (i) found any negligence on her part to be a proximate cause of the accident; (ii) failed to make any award to Mr. Silverstein for consortium loss; and (iii) awarded gross damages in the sum of $100,000 which are alleged to be inadequate.

By failing to object to the submission of Mrs. Silverstein's comparative fault as an issue for determination by the jury, plaintiffs have not preserved the contention they pursue before us that she was free from any negligence as a matter of law (CPLR 4110-b). Our review of the record discloses a "valid line of reasoning and permissible inferences" (Cohen v Hallmark Cards, 45 NY2d 493, 499) to support a finding of some negligence on Mrs. Silverstein's part. However, we further conclude that the jury's apportionment of 40% fault to Mrs.

Silverstein is contrary to the weight of the evidence (CPLR 4404 [a]), and that a fair assessment of the evidence would support a finding not to exceed 10% *(see, Schildkraut v Eagle Lines,* 126 AD2d 480). This objection plaintiffs did preserve by timely post verdict application.

We do not think the record supports the conclusion, reiterated in the dissent of the Presiding Justice, that the floor defect which caused plaintiff to fall was "obvious". The basic hazard here consisted of a one-half inch deep rectangular groove designed to accommodate sliding doors which were commonly utilized to partition the single room used for the party into separate chambers on other occasions. The makeshift contrivance adopted by the defendant Club to neutralize the depression on the date of plaintiff's accident was to insert a rubbery electric cable wire only one-third inch in diameter into the rectangular half-inch crevice, over which gray colored masking tape was affixed. One need not be a student of solid geometry to envisage the trap created by the gap between the soft cylindrical mass of the cable wire and the unyielding side of the groove when a woman's heel punctured the masking tape, entered the space between the rubber and the wood, and became wedged therein. Far from being "obvious", the danger was effectively camouflaged by the aptly described "masking" tape. This effort by defendant at concealment, rather than correction, of the defect, brings this situation close to the hidden third base depression in *Lamphear v State of New York* (91 AD2d 791), which, when it caused injury to a sliding softball player, was held to give rise to liability without any diminution by way of plaintiff's comparative fault for assumption of the normal risks of an athletic contest.

We perceive no persuasive reason to disturb the verdict in any other respect. On the evidence before it the jury was free to conclude that Mr. Silverstein failed to prove any economically measurable loss of services *(cf., Hagler v Consolidated Edison Co.,* 99 AD2d 725). We also affirm the gross damage award to Mrs. Silverstein as adequate, given that the source of her pain, carpal tunnel syndrome, may be corrected by a relatively simple surgical procedure which she has declined to pursue *(see, Schare v Welsbach Elec. Corp.,* 138 AD2d 477). Concur—Sullivan and Wallach, JJ. Kupferman, J., concurs in the writing of the majority in a separate memorandum; Murphy, P. J., and Carro, J., dissent in part in a memorandum by Murphy, P. J., as follows:

Kupferman, J. (concurring). While I concur with the majority in the conclusion that to hold the plaintiff to be 40% at fault

is clearly erroneous, were the matter preserved, I would go further and find that any attribution of fault to the plaintiff is against the weight of the evidence.

When one is invited to dance at a special party, one does not expect a hazardous trip impeded by a person of the opposite sex.

To accept the reasoning in the dissent, one would have to conclude that Irving Berlin should have added to his "Dancing Cheek to Cheek" the words "with your eyes on the dance floor looking for potholes."

Murphy, P. J. (dissenting in part). The plaintiff sustained injuries to her wrist when she fell while dancing on the dance floor at the defendant's establishment. Her fall occurred when the heel of her shoe became lodged in a floor duct the sides of which protruded above the level of the floor. The duct had been covered by gray tape. The jury awarded gross damages in the amount of $100,000 but found that the plaintiff had been 40 percent at fault thus causing the reduction of her award to a net sum of $60,000. Although finding no basis to increase the award on grounds of inadequacy, and although finding no basis to disturb the jury's determination that the plaintiff was in some measure responsible for her injury, the majority has, at least implicitly, concluded that a fair assessment of the evidence does not permit the conclusion reached by the jury that the plaintiff was 40 percent responsible for the injury she sustained. I cannot agree. Based upon the evidence adduced at trial, the jury was free to, and apparently did, conclude that the hazard was obvious and that the plaintiff had not exercised the degree of care which a reasonably prudent person in plaintiff's position would have. Under these circumstances there was nothing to prevent the jury from allocating the fault as it did. If the hazard had been hidden as the majority states, there would be no basis for attributing any fault to the plaintiff, much less the 10 percent that the majority now finds appropriate. But given the fact that the hazard was not hidden, and that, as the majority recognizes, there was therefore a basis for the jury to find the plaintiff at fault, it is very difficult to understand how the majority then proceeds to conclude that the weight of the evidence permitted no more than 10 percent of the fault to be attributed to the plaintiff. The obviousness of the hazard was a factual matter uniquely within the province of the jury as was the degree of care which would ordinarily be expected of someone faced with such a hazard. While we may have reached different conclusions on these matters had we sat in the jury's place, the fact

is that we did not, and that we may not now set aside the jury's apportionment of fault as against the weight of the evidence unless "the jury could not have reached its verdict on any fair interpretation of the evidence" *(Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *see also, Nicastro v Park,* 113 AD2d 129, 134). On this record, I should think it evident that this very high threshold for invoking our discretionary power to interfere with the jury's verdict has not been approached, much less crossed. This is particularly true since, as the majority has found, the verdict was entirely adequate and there are no other factors which would prompt the conclusion that substantial justice had not been done *(see, Nicastro v Park, supra,* at 133-134).

Accordingly, the judgment of the Supreme Court, New York County (Anthony F. Shaheen, J.), entered March 23, 1990, which, upon a jury verdict finding the defendant 60% negligent and the plaintiff Linda Silverstein 40% negligent, and fixing plaintiff Linda Silverstein's damages in the amount of $100,000, denied plaintiff Walter Silverstein any recovery for loss of consortium or services, and awarded judgment in favor of plaintiff Linda Silverstein in the sum of $60,000, should be affirmed.