■ MASSACHUSETTS BAY INSURANCE COMPANY, Appellant, v THOBURN M. STAMM, JR., as Conservator for MARILYN N. STAMM, Respondent and Third-Party Plaintiff-Respondent. HANOVER INSURANCE COMPANY, Third-Party Defendant-Appellant. [654 NYS2d 752] —Orders, Supreme Court, New York County (Herman Cahn, J.), entered September 27, 1996, which, in actions involving appellant insurers' obligation to pay for the conservatee's medical expenses, denied appellants' motion to compel the conservatee to submit to examinations by certain experts, and directed that each side depose the other's experts who would be testifying at trial, unanimously affirmed, with one bill of costs.

Appellants' mere belated dissatisfaction with the likely ineffectiveness as witnesses of the two physicians who they had requested to reexamine the conservatee and had obtained a court order therefor is insufficient reason to now seek recourse to different physicians to conduct the new examinations. The motion court also properly denied appellants' request for examinations by a nurse, a psychologist and a "life-care planner", since they are not physicians, and there is no record evidence that such nonphysicians would be acting under the direction of physicians, providing only diagnostic tools for the latter, rather than as independent evaluators (*compare, D'Amico v Manufacturers Hanover Trust Co.*, 182 AD2d 462, *and Savarese v Yonkers Motors Corp.*, 205 AD2d 463, *with Paris v Watermen S. S. Corp.*, 218 AD2d 561, 563-564). Finally, appellants' completion of their depositions of all of respondent's experts and refusal to answer certain interrogatories as improper attempts to obtain expert discovery constitute special circumstances (CPLR 3101 [d] [1] [iii]), justifying the court's directive permitting each side to depose the other's experts who will be testifying at trial. Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.