■ ROBERT ROOK et al., Respondents, v 60 KEY CENTRE, INC., et al., Defendants, and MOBILE MATERIALS HANDLING EQUIPMENT, LTD., Appellant. 60 KEY CENTRE, INC., Third-Party Plaintiff, v ALUMA SYSTEMS CORPORATION, Third-Party Defendant. BURKE COMPANY, Fourth-Party Plaintiff, v FRANK L. CIMINELLI CONSTRUCTION Co., INC., Fourth-Party Defendant-Appellant. MOBILE MATERIALS HANDLING EQUIPMENT, LTD., Fourth-Party Plaintiff, v FRANK L. CIMINELLI CONSTRUCTION Co., INC., Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendants. [656 NYS2d 1014] —Order unanimously affirmed with costs. Memorandum: Fourth-party defendant Frank L. Ciminelli Construction Co., Inc., and defendant and fourth-party plaintiff Mobile Materials Handling Equipment, Ltd., appeal from an order denying their motion to compel plaintiff Robert Rook to be examined by a neuropsychologist for the defense; permitting Rook's attorney to attend an examination by a defense physician/psychiatrist; and directing that such examination be videotaped.

Supreme Court did not abuse its discretion in denying the motion for an examination by a neuropsychologist but in allowing neuropsychological testing to be performed by or under the supervision of a physician (see generally, Paris v Waterman S. S. Corp., 218 AD2d 561, 563-564). We note that, in their papers, appellants implied that such relief was acceptable. We further note that appellants have availed themselves of the benefits of the orders by having Rook examined by their psychiatrist, thus waiving any claimed error.

Appellants are not aggrieved by the court's directive allowing Rook's attorney to be present during the examination and requiring that the examination be videotaped. Appellants expressly consented to allowing the examination to be observed and videotaped, albeit through a one-way mirror. Appellants' challenge is more properly to the court's refusal to require a one-way mirror. However, appellants do not address that issue, nor would we be inclined to interfere with the court's management of such minor details of discovery. Finally, the directive that the examination of Rook be limited to one day is not contained in the order on appeal. Indeed, Rook's cross motion in that regard was denied. (Appeals from Order of Supreme

Court, Erie County, Whelan, J.—Discovery.) Present—Denman, P. J., Pine, Lawton and Balio, JJ.