■■■ VINCENT ANTONELLI et al., Respondents, v YALE MATERIALS HANDLING CORPORATION, Appellant and Third-Party Plaintiff, et al., Defendant. UPSTATE MILK COOPERATIVES, INC., Third-Party Defendant-Appellant. [660 NYS2d 240] —Order unanimously reversed on the law with costs and motions granted. Memorandum: Yale Materials Handling Corporation (defendant) and third-party defendant, Upstate Milk Cooperatives, Inc., appeal from an order denying their motions to compel Vincent Antonelli (plaintiff) to submit to examination by a psychiatrist designated by third-party defendant and, in the course of such psychiatric examination, to submit to testing by a psychologist supervised by the psychiatrist. Defendant and third-party defendant contend that plaintiff should be compelled to submit to psychological testing because his mental condition is in controversy and the testing is sought for the purpose of aiding the supervising psychiatrist in evaluating such condition.

Given the circumstances, in which two of plaintiff's treating physicians have speculated that there is a psychological or "factitious" element to plaintiff's complaints and have referred plaintiff for psychiatric evaluation, we conclude that plaintiff's psychological status is "in controversy," thus requiring plaintiff to submit to examination by a psychiatrist designated by the defense (CPLR 3121 [a]; see generally, Koump v Smith, 25 NY2d 287, 294). Further, nothing in the CPLR precludes psychological testing, provided that it is performed by or under the supervision of a physician (see, Rook v 60 Key Centre, 237 AD2d 901 [decided herewith], citing Paris v Waterman S. S. Corp., 218 AD2d 561, 563-564; cf., Massachusetts Bay Ins. Co. v Stamm, 237 AD2d 145). (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Denman, P. J., Green, Doerr, Balio and Boehm, JJ.