■ GEORGE W. GREENE, SR., et al., Appellants, v XEROX CORPORATION, Respondent and Third-Party Plaintiff. DIDIS CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [665 NYS2d 137] —Judgment unanimously affirmed without costs. Memorandum: After trial, the jury awarded damages to George W. Greene, Sr. (plaintiff), for past and future loss of earnings and past and future pain and suffering. No damages were awarded to plaintiff Virginia Greene on her derivative cause of action. Supreme Court previously had granted plaintiffs' motion for partial summary judgment on the issue of liability.

We reject the contention of plaintiffs that the awards to plaintiff for past and future loss of earnings "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]). The award for past loss of earnings is appropriate in light of the expert testimony regarding plaintiff's earning capacity during the three years before trial. Similarly, the award for future loss of earnings is appropriate in light of the expert testimony that plaintiff's injuries were caused in part by conditions unrelated to the accident and the low estimate of average hours worked per year that plaintiffs' expert used in calculating the future loss of earnings.

By not raising an objection to the verdict before the jury was discharged, plaintiffs failed to preserve for our review their contention that the failure of the jury to award plaintiff Virginia Greene damages on her derivative cause of action is inconsistent with the award to plaintiff (*see, Barry v Manglass,* 55 NY2d 803, 806, *rearg denied* 55 NY2d 1039; *Stangl v Compass Transp.,* 221 AD2d 909). In any event, the verdict is supported by a reasonable view of the evidence and is not inconsistent as a matter of law (*see, Silverstein v Harmonie Club,* 173 AD2d 378, 379).

The court properly permitted defendant's vocational rehabilitation expert to give opinion testimony based upon a labor market survey he conducted by telephone with prospective employers. The general rule that opinion evidence " 'must be based on facts in the record or personally known to the witness' " (*Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725, quoting *Cassano v Hagstrom,* 5 NY2d 643, 646, *rearg denied* 6 NY2d 882) is subject to an exception where, as here, the opinion is based upon data "of a kind accepted in the profession as reli-

able in forming a professional opinion" (*People v Sugden,* 35 NY2d 453, 460; *see, Serra v City of New York,* 215 AD2d 643, 644; *Nandy v Albany Med. Ctr. Hosp.,* 155 AD2d 833, 834). The contention of plaintiffs that the market survey is not the kind of evidence considered by the profession to be reliable is belied by the fact that their own vocational rehabilitation expert based his opinions upon similar hearsay information.

The court did not err in requiring plaintiff to submit to a "functional capacity evaluation" and in denying plaintiffs' motion *in limine* to suppress the report of the evaluation. Plaintiffs placed the capability of plaintiff to engage in future employment directly in controversy (*see,* CPLR 3121 [a]; *see generally, Koump v Smith,* 25 NY2d 287, 294). The further contention of plaintiffs that the evaluation was improper because a physical therapist administered the tests underlying the evaluation is without merit. The physical therapist conducted the tests under the direction of Dr. John A. Orsini, a physician specializing in industrial injury rehabilitation and functional capacity evaluations (*see, Antonelli v Yale Materials Handling Corp.,* 239 AD2d 951; *Paris v Waterman S. S. Corp.,* 218 AD2d 561, 563-564). Although Dr. Orsini twice stepped out of the examining room when he was paged, plaintiffs were not prejudiced thereby; the court precluded Dr. Orsini from testifying regarding any tests performed when he was not present. The absence of the signature of Dr. Orsini on the functional capacity evaluation is of no moment in light of his sworn statement that the omission was "a mere office oversight". Further, even assuming, arguendo, that the court erred in admitting the report, such error was harmless. Dr. Orsini's opinion, based upon the evaluation, that plaintiff was capable of performing "light duty" did not prejudice plaintiffs in light of the testimony of plaintiffs' expert that plaintiff was capable of performing "medium-type work" (*see, Golson v Addei,* 216 AD2d 268; *Kutanovski v DeCicco,* 152 AD2d 540, 541).

Because it is raised for the first time in plaintiffs' reply brief, the contention that the court improperly restricted the cross-examination of a witness is not properly before us (*see, O'Sullivan v O'Sullivan,* 206 AD2d 960, 961; *see also, State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 521-522, *affd* 65 NY2d 369). (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Damages.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.