■ Clara R. Harris et al., Appellants, v Mark L. Moyer, Respondent. (Appeal No. 1.) [680 NYS2d 351] —Judgment unani-

mously reversed on the law without costs, motion granted and new trial granted on damages for loss of consortium only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $15,000 for loss of consortium, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Clara R. Harris (plaintiff) was injured when the truck driven by her husband (decedent) in which she was a passenger collided with a vehicle driven by defendant. There was conflicting evidence at trial whether defendant stopped at the intersection as he left a shopping plaza. There was also conflicting evidence whether decedent had activated his right turn signal and was driving with his right wheels on the shoulder as he approached the shopping plaza, indicating his intention to turn into the parking area. Decedent died two years after the accident of unrelated causes.

Supreme Court erred in denying plaintiffs' motion to vacate that portion of the jury verdict that awarded no damages to the estate of decedent for loss of consortium. Generally, a verdict awarding damages to a plaintiff for his or her injuries but denying any damages to the spouse for loss of consortium is not inconsistent as a matter of law (see, CPLR 4111 [c]; see also, Greene v Xerox Corp., 244 AD2d 877, lv denied 91 NY2d 809; Silverstein v Harmonie Club, 173 AD2d 378, 379). Here, however, the jury determined that decedent suffered a loss of consortium but failed to award any damages for that loss. In this case, that failure is not supported by a reasonable view of the evidence and is inconsistent as a matter of law (see, Greene v Xerox Corp., supra; Gallo v Cook, 125 AD2d 980, 981). The uncontradicted evidence establishes that, after the accident, decedent assumed all of the duties of running the household, duties not undertaken by him before the accident, and decedent's estate is entitled to damages for decedent's loss of consortium.

The court properly denied, however, plaintiffs' motion to vacate that portion of the jury verdict that awarded plaintiff $10,000 for past pain and suffering and $50,000 for future pain and suffering. Based on the conflicting medical evidence, we find that the award does not "deviate[ ] materially from what would be reasonable compensation" for the injuries suffered by plaintiff (CPLR 5501 [c]). The court also properly denied the motion to vacate that portion of the jury verdict that found decedent 25% at fault for the accident. Defendant's plea of guilty to the infraction of failure to yield the right of way did

not establish defendant's negligence as a matter of law (*see, Canfield v Giles* [appeal No. 1], 182 AD2d 1075). Defendant's testimony that the right turn signal on decedent's truck was blinking and the right wheels were on the shoulder supports the jury's determination that decedent was partially at fault for the collision.

Thus, we reverse the judgment, grant plaintiffs' motion to vacate that portion of the jury verdict that awarded no damages to the estate of decedent for loss of consortium and grant a new trial on damages for loss of consortium only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $15,000 for loss of consortium less the percentage of comparative fault of 25%, in which event the judgment is modified accordingly. (Appeal from Judgment of Supreme Court, Allegany County, Himelein, J.—Negligence.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.