■ DEBRA PARES et al., Respondents, v EDWARD LAPRADE et al., Appellants. (Appeal No. 1.) [698 NYS2d 213] —Order affirmed without costs. Same Memorandum as in *Pares v LaPrade* (266 AD2d 852 [decided herewith]).

■ DEBRA PARES et al., Respondents, v EDWARD LAPRADE et al., Appellants. (Appeal No. 2.) [697 NYS2d 413] —Judgment reversed on the law without costs. Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by Debra Pares (plaintiff) as the result of an automobile accident and for loss of services suffered by plaintiff's husband. Supreme Court properly granted plaintiffs' motion for judgment on liability pursuant to CPLR 4401. The proof established that plaintiff stopped her vehicle to avoid a collision with the vehicle in front of her and that defendants' vehicle collided with the rear of plaintiff's stopped vehicle. That proof gave rise to a prima facie case of negligence, placing the burden upon defendants to rebut the inference of negligence (*see, DiPaola v Scherpich,* 239 AD2d 459; *Leal v Wolff,* 224 AD2d 392). Because defendants failed to meet that burden, plaintiffs were entitled to judgment as a matter of law (*see, Tripp v GELCO Corp.,* 260 AD2d 925; *Johnston v El-Deiry,* 230 AD2d 715).

The court also properly granted plaintiffs' motion to set aside the jury verdict with respect to damages and ordered a new trial on damages only. Because it awarded damages for past pain and suffering, the jury " 'must have concluded that plaintiff was injured as a result of the accident' " (*Corsaro v Mt. Calvary Cemetery,* 258 AD2d 969, quoting *Grasso v American Brass Co.,* 212 AD2d 994, 995). In addition, by finding that plaintiff sustained a serious injury in the accident, i.e., a significant limitation of use of a body function or member, the jury must have rejected defendants' proof that plaintiff suffered only a minor soft tissue injury. On the issue of the extent

of plaintiff's injury, plaintiffs presented proof that, following the accident, plaintiff has had difficulty completing household chores, exercising, sitting for long periods and lifting heavy objects. In addition, plaintiff has been required to use narcotic medication, a back brace and a TENS unit to relieve her severe back pain. Under those circumstances, the award of $5,000 for past pain and suffering is inadequate; "it deviates materially from what is reasonable compensation for plaintiff's past pain and suffering" (*Wroblewski v National Fuel Gas Distrib. Corp.,* 247 AD2d 917, 918).

Further, the verdict insofar as it awards no damages for plaintiff's future pain and suffering or for loss of services on the derivative claim of plaintiff's husband is contrary to the weight of the evidence. Plaintiffs presented proof that plaintiff's pain and the limitations on plaintiff's activities will continue and that plaintiff may ultimately require surgery. Therefore, the determination that plaintiff has no compensable future pain and suffering and that her husband is not entitled to damages on his derivative claim could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Albrecht v Bedard,* 255 AD2d 918). Finally, although the court erred in precluding defendants' medical expert, a physiatrist, to render an opinion with respect to plaintiff's need for surgery (*see, Mineo v Young,* 248 AD2d 1012), that error is harmless in light of the jury's failure to award future damages.

All concur except Hurlbutt, J., who dissents and votes to affirm in the following Memorandum.

Hurlbutt, J. (dissenting). I respectfully dissent. Plaintiffs' and defendants' expert witnesses agreed that, as a result of the accident, Debra Pares (plaintiff) sustained a soft tissue cervical spine injury that resolved within six months. The experts were sharply divided, however, on whether the degenerative condition of two of plaintiff's lumbar discs was caused by the accident. Plaintiffs' experts testified that plaintiff suffered from causally-related disc herniation at L3-L4 and disc bulging at L4-L5, that those conditions were permanent, and that future surgical repair would be necessary. On the other hand, defendants' expert testified that the sole cause of the herniation and bulging of plaintiff's lumbar discs was a naturally occurring degenerative process wholly unrelated to the accident.

A motion to set aside a jury verdict should be granted only if the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954, 956; *Lolik v*

*Big V Supermarkets*, 86 NY2d 744, 746). Here, the evidence on the issue of causation of plaintiff's herniated and bulging discs does not weigh so heavily in plaintiffs' favor as to preclude a fairly reached jury conclusion that such condition was unrelated to the accident, thereby limiting the award of damages for past pain and suffering and denying any award for future pain and suffering.

The majority's conclusion that the jury "must have rejected defendants' proof that plaintiff suffered only a minor soft tissue injury" is speculative, particularly in light of the jury finding that plaintiff did not sustain a permanent consequential limitation of use of a body organ or member. Further, the jury's determination not to award any damages on the derivative claim is not inconsistent with the remainder of the verdict (*see, Greene v Xerox Corp.*, 244 AD2d 877, *lv denied* 91 NY2d 809; *Silverstein v Harmonie Club*, 173 AD2d 378, 379) and is not against the weight of the evidence (*see, Lolik v Big V Supermarkets, supra*, at 746). I would therefore affirm the judgment and reverse the order granting the motion to set aside the verdict with respect to damages and ordering a new trial on damages only. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.