Samlal v Ghanbarpour (2020 NY Slip Op 06730)





Samlal v Ghanbarpour


2020 NY Slip Op 06730


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 301554/15 Appeal No. 12417N Case No. 2020-01010 

[*1]Sheila Samlal et al., Plaintiffs-Appellants,
v
Susan Ghanbarpour, as Administratrix of the Estate of Linda Barra, Deceased, Defendant-Respondent.


Raskin & Kremins, L.L.P., New York (Alexander J. Wulwick of counsel), for appellants.
Roe & Associates, New York (Jason Anthony Ciluffo of counsel), for respondent.



Order, Supreme Court, Bronx County (James W. Hubert, J.), entered on or about December 5, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to set aside the jury verdict apportioning fault equally between plaintiff Sheila Samlal and defendant's decedent and awarding no damages for future pain and suffering or loss of consortium and for a new trial on those issues, unanimously modified, on the facts, to the extent of vacating the jury's award for future pain and suffering and remanding the matter for a new trial solely on the issue of such damages, and otherwise affirmed, without costs, unless defendant, within 30 days of service of a copy of this order with notice of entry, stipulates to an increase of the award for future pain and suffering to $200,000, and to entry of an amended judgment in accordance therewith.
This personal injury action stems from plaintiff Sheila Samlal's slip and fall on ice on February 24, 2015 in the Bronx. Sheila Samlal sued her landlord, defendant's decedent, Linda Barra, and Sheila's Samlal husband, plaintiff Donavan Samlal, asserted a derivative claim for loss of consortium. The jury found Sheila Samlal and defendant each to be 50% responsible for Sheila Samlal's accident, awarded her $150,000 and $0 for past and future pain and suffering, respectively, and awarded Donavan Samlal $0 on his loss of consortium claim.
The apportionment of liability was supported by legally sufficient evidence and was not against the weight of the evidence (see generally Killon v Parrotta, 28 NY3d 101, 107-108 [2016]; Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). The jury heard Sheila Samlal's testimony that she saw the ice on the ground in the rear of the decedent's property after she got out of the car, appreciated the danger that it posed, and nonetheless proceeded to walk across it. The jury could rationally conclude that Sheila Samlal was just as much at fault for the accident as was the decedent, who failed to have the parking area of her property de-iced.
We agree with plaintiffs that the verdict for future pain and suffering could not have been reached on any fair interpretation of the evidence and deviates from reasonable compensation for the injuries sustained. Sheila Samlal sustained a bimalleolar fracture and underwent an open reduction, internal fixation procedure on the medial and lateral malleoli of her left ankle with the insertion of clamps and screws (see e.g. Ruiz v New York City Tr. Auth., 44 AD3d 331 [1st Dept 2007]). In addition, the experts agreed that the postsurgical scarring is permanent.
In considering the loss of consortium claim, "the jury was free to conclude that [plaintiffs] failed to prove any economically measurable loss of services" to plaintiff Donovan Samlal (Silverstein v Harmonie Club of City of N.Y., 173 AD2d 378, 379 [1st Dept 1991] [emphasis added]; see Rivera v City of New York, 40 AD3d 334, 344 [1st Dept 2007], lv dismissed 16 NY3d 782 [2011]; Gutierrez v City of New York, 288 AD2d 86 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020