Lind v Tishman Constr. Corp. of N.Y. (2024 NY Slip Op 05540)

Lind v Tishman Constr. Corp. of N.Y.

2024 NY Slip Op 05540

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rodriguez, O'Neill Levy, Michael, JJ. 

Index No. 154781/16 Appeal No. 2998 Case No. 2023-02259 

[*1]Earl Lind Jr., et al., Plaintiffs-Appellants,
v
Tishman Construction Corporation of New York, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Manning Gross + Massenburg LLP, New York (Christian H. Gannon of counsel), for respondents.

Judgment, Supreme Court, New York County (Carol Sharpe, J.), entered January 19, 2023, after a jury verdict, awarding plaintiffs $460,000 for past pain and suffering, $230,000 for past lost earnings, $0 for future pain and suffering, and $0 for past and future loss of services, unanimously modified, on the facts, to vacate so much of the award as is for past loss of services and remand for a new trial on that issue only, unless the parties stipulate, within 30 days of service of a copy of this order with notice of entry, to increase the award for past loss of services to $40,000 and to entry of an amended judgment in accordance with the new award, and otherwise affirmed, without costs.
Plaintiffs failed to object to the verdict on the ground of inconsistency before the jury was discharged, thus waiving that argument (see Marquez v 171 Tenants Corp., 220 AD3d 575, 576-577 [1st Dept 2023]; Hernandez v Consolidated Edison Co. of N.Y., Inc., 198 AD3d 564, 565 [1st Dept 2021]). Nevertheless, the waiver does not preclude review of the sufficiency of the awards (see Paucay v D.P. Group Gen. Contrs./Devs., Inc., 187 AD3d 496, 497 [1st Dept 2020]).
Upon that review, we find no reason to disturb the jury's determination, arrived at upon a resolution of witness credibility issues and the conflicting testimony of experts, that although plaintiff Earl Lind, Jr. was injured in the accident, his subsequent multiple hip surgeries were necessitated by his avascular necrosis, a degenerative condition that predated the accident (see Araujo v State of New York, 61 AD3d 585, 585-586 [1st Dept 2009]; Mejia v JMM Audubon, 1 AD3d 261, 262 [1st Dept 2003]). Similarly, the jury's award for economic damages reflected that finding.
However, the jury's award of $0 for past loss of services constituted a material deviation from what would be reasonable compensation. Plaintiff wife testified that after the injured plaintiff's accident, she assumed full responsibility for household chores, cooking, and transportation for plaintiffs' children, and also had to care for the injured plaintiff. This testimony is sufficient to support an award for past loss of services (see e.g. Garcia v Spira, 273 AD2d 57, 57 [1st Dept 2000] [$10,000 award where evidence showed that injured spouse had "diminished ability to do household chores" because of a fracture to her nondominant wrist]; Harris v Moyer, 255 AD2d 890, 891 [4th Dept 1998] [$15,000 award for loss of consortium to decedent's estate where decedent assumed all of the duties of running the household, duties not undertaken by him before the accident]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024