■ HOULIHAN PARNES REALTORS, Respondent, v LAZAR GAZIVODA, Appellant. — In an action to recover damages for breach of a brokerage agreement, defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered March 25, 1983, which, after a jury trial, was in favor of plaintiff in the sum of $115,967.75, and (2) an order of the same court, dated April 12, 1983, which, *inter alia,* denied defendant's motion to set aside the jury verdict. This court, by order dated April 9, 1984, *inter alia,* reversed the judgment, on the law, and dismissed the complaint (*Houlihan Parnes Realtors v Gazivoda,* 100 AD2d 863).

By order dated July 5, 1984, the Court of Appeals (1) reversed our order, finding that the proof adduced by plaintiff was legally sufficient to support the jury's verdict awarding recovery by plaintiff of the broker's commission for which the action was brought and (2) remitted the case to this court for a determination as to defendant's claim of errors in the trial court's instructions (63 NY2d 657).

Judgment reversed, on the law and as a matter of discretion, without costs or disbursements, and new trial granted.

Appeal from the order dismissed, without costs or disbursements, in light of our determination on the appeal from the judgment.

The Trial Judge incorrectly charged the jury that the prospective buyer of defendant's property was the only disinterested witness in those proceedings. The prospective buyer, a witness for plaintiff, had testified that defendant had agreed to sell to him; it was in his interest to do so as a finding that defendant thereby owed a commission to plaintiff broker might induce defendant to go through with the deal in order to avoid financial loss. Additionally, the missing witness charge given against defendant was improper for the witness in question was equally, if not more, available to plaintiff (*Hayden v New York Rys. Co.,*

233 NY 34). These errors, in combination with inadequate instructions as to the evidence required for a finding that plaintiff produced a buyer ready, willing and able to meet defendant's terms, were prejudicial and mandate reversal of the judgment and the granting of a new trial. We have considered defendant's remaining contentions and find them to be without merit. O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.