■ DIV-COM, INC., Respondent, v F. J. ZERONDA, INC., Respondent, and BLOOMFIELD BUILDING WRECKERS, INC., Appellant.—Levine, J. Appeals (1) from an order of the Supreme Court (Fromer, J.), entered October 1, 1986 in Albany County, upon a verdict rendered in favor of plaintiff against defendant Bloomfield Building Wreckers, Inc., (2) from the judgment entered thereon, and (3) from an order of said court, entered June 30, 1987 in Albany County, which denied the motion of defendant Bloomfield Building Wreckers, Inc., to set aside the verdict.

In 1980, defendant F. J. Zeronda, Inc. (hereinafter Zeronda), a general contractor, hired defendant Bloomfield Building Wreckers, Inc. (hereinafter Bloomfield) to demolish and re-

move a building adjacent to one owned by plaintiff in preparation for a State-owned parking lot Zeronda was to construct at the site. While the building was being demolished, plaintiff complained that the work was causing severe vibrations to its building. After Bloomfield had completed its part of the project, Zeronda constructed the parking lot by installing a gravel bed and two drainage catch basins and then paving the area.

Thereafter, plaintiff commenced this negligence action against defendants alleging that the heavy machinery used for demolition had damaged its building, particularly the common party wall, and that, in addition, the parking lot's drainage system was inadequate. According to plaintiff, both of these factors caused water to collect in its basement following any heavy rainfall. Zeronda cross-claimed against Bloomfield for indemnification and contribution. In its reply, Bloomfield set forth a general denial of liability to Zeronda and, in a loosely pleaded and conclusory manner, may have asserted what it now contends was a cross claim against Zeronda.

At trial, plaintiff sought to prove, *inter alia,* that the parking lot's gravel bed had created a "bathtub effect" which caused the building's water problem. There was no evidence, however, to prove that the water that collected in the gravel actually seeped into plaintiff's basement. At the conclusion of plaintiff's case, both defendants moved for dismissal of the claims based on plaintiff's failure to establish a prima facie case. Supreme Court granted Zeronda's motion but denied Bloomfield's. The trial proceeded against Bloomfield, resulting in a verdict awarding plaintiff $25,000. This appeal by Bloomfield ensued.

Bloomfield's main contention on appeal is that Supreme Court erred in granting Zeronda's motion to dismiss plaintiff's claim at the close of plaintiff's evidence because it thereby denied Bloomfield the opportunity to establish Zeronda's liability to it for contribution and/or indemnification. Initially, we note that the record supports Supreme Court's determination that plaintiff failed to adduce evidence that Zeronda's alleged negligent construction of the lot was the proximate cause of the water seepage problem. Hence, we perceive no error in the granting of Zeronda's motion to dismiss plaintiff's claim against it pursuant to CPLR 4401.

Although Bloomfield contends that a cross claim was pending against Zeronda at the time of the dismissal, we need not decide whether Bloomfield's reply was sufficient to state a cross claim for contribution and/or indemnification in order to resolve the issues raised in this appeal. Assuming that a cross

claim was interposed by Bloomfield, its present objections pertaining to this claim were not preserved for our review because Bloomfield failed to raise them before Supreme Court. Specifically, at the time the court was considering Zeronda's motion to dismiss, Bloomfield never argued that Zeronda should remain in the action by virtue of its cross claim. Moreover, Bloomfield never requested that the jury be charged on its cross claim and failed to interpose an objection based on the omission of such instructions. Hence, it appears that Bloomfield completely failed to pursue at trial the cause of action which underlies its present claim of error. Alternatively, if no cross claim was interposed, it is even clearer that Bloomfield's contention is without merit. Without a cross claim, Bloomfield has no grounds to object to Zeronda's dismissal from the action, as plaintiff's claim was the only cause of action pending against that party, and plaintiff had failed to establish a prima facie case.

Nor does the record demonstrate that dismissal of the complaint as to Zeronda prejudiced Bloomfield in defending itself against plaintiff's claim. As one aspect of Bloomfield's defense, Bloomfield was entitled to prove that Zeronda was fully or partially at fault for the damage to plaintiff's building. Although Bloomfield contends that Supreme Court prevented it from establishing Zeronda's fault, this contention is without merit. Bloomfield was permitted to introduce evidence that Zeronda had negligently created a "bathtub effect" which caused plaintiff's water problem. In our view, Bloomfield was given a full opportunity to establish that Zeronda was at fault for plaintiff's damages.

Bloomfield also contends that plaintiff's failure to call Harold Hahn, a State inspector supervising the project, entitled it to a "missing witness" charge which Supreme Court refused to give to the jury. In support of this contention, Bloomfield relies on the testimony of Wendell and Mary Williams, plaintiff's sole shareholders, that they were acquainted with Hahn by virtue of their common interest in raising sheep. This testimony, however, demonstrated only that the Williamses knew who Hahn was. There was no evidence indicative of friendship or loyalty between these individuals; hence, in our view, this evidence was insufficient to sustain Bloomfield's threshold burden of showing that Hahn was under plaintiff's control such that he could be expected to testify in favor of plaintiff *(see, People v Gonzalez,* 68 NY2d 424, 427; *see also, Cornell Pharmacy v Guzzo,* 135 AD2d 1000). Supreme Court properly concluded that Hahn was not under plaintiff's con-

trol and was equally available to Bloomfield *(see, Houlihan Parnes Realtors v Gazivoda,* 106 AD2d 550).

Finally, we are unpersuaded that reversible error resulted from the response given by Bloomfield's expert witness, when asked who was paying his fee, that he was to be paid by an insurance company. Where, as here, other evidence clearly establishes a defendant's fault, an isolated reference to insurance coverage will not require a mistrial *(see,* Richardson, Evidence § 169, at 69-70 [Prince 10th ed, 1972-1985 Supp]; *see also, Rush v Sears, Roebuck & Co.,* 92 AD2d 1072). Hence, Supreme Court did not err in denying Bloomfield's motion for a mistrial.

Orders and judgment affirmed, with one bill of costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.