■ VIRGINIA ALLEN et al., Respondents, et al., Plaintiff, v R. C. HARRINGTON, JR., et al., Appellants.—Kane, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered June 22, 1988 in Albany County, upon a verdict rendered in favor of plaintiffs Virginia Allen and Michelle Allen.

While driving a vehicle owned by defendant Dolores A. Harrington, defendant R. C. Harrington, Jr. (hereinafter Harrington) collided with the rear end of a vehicle occupied by plaintiffs Virginia Allen and Michelle Allen (hereinafter collectively referred to as plaintiffs). Plaintiffs commenced an action for damages and, after a trial at which Supreme Court found defendants liable as a matter of law, the jury returned a verdict awarding plaintiffs $235,000 in damages and judgment was entered thereon.* Defendants now appeal, arguing that there were reversible trial errors and an excessive jury verdict. We affirm.

Defendants argue that it was reversible error for Supreme Court to allow the introduction of Harrington's arrest citation for driving while intoxicated, a more serious charge than the driving while ability impaired which Harrington pleaded guilty to. Defendants contend that this improperly inflamed the jury against them and inflated the verdict for plaintiffs. We disagree. Although the *mere* fact of an arrest is inadmissible as a basis for inferring negligence *(see, Franco v Zingarelli,* 72 AD2d 211; 79 NY Jur 2d, Negligence, § 141, at 504), evidence that a defendant pleaded guilty to criminal charges may be introduced in a later negligence trial *(see, Decker v Rassaert,* 131 AD2d 626). Harrington's citation for driving while intoxicated was allowed as a foundation for the intro-

---

* Plaintiff George Allen brought a derivative action which is not involved in this appeal.

duction of his subsequent guilty plea to driving while ability impaired and cannot be viewed as a "mere arrest" improperly admitted into evidence.

Defendants next contend that plaintiffs improperly influenced the jury by introducing the existence of insurance coverage. The relevant rule is that evidence that the alleged *tort-feasor* carries liability insurance is not admissible as potentially prejudicial (see, Richardson, Evidence § 169, at 137 [Prince 10th ed]; Fisch, New York Evidence § 233, at 136 [2d ed]; 79 NY Jur 2d, Negligence, § 142, at 505). Here the evidence introduced was simply that a doctor "on behalf of one of the insurance companies" examined Virginia Allen. Such isolated, indirect reference to insurance coverage can hardly be said to have influenced the jury and, where other evidence clearly established defendants' liability as a matter of law, does not require a mistrial (see, Div-Com, Inc. v F. J. Zeronda, Inc., 136 AD2d 844, 847; see also, Oltarsh v Aetna Ins. Co., 15 NY2d 111, 118).

Finally, we are unpersuaded that the jury's assessment of damages was so excessive as to shock the conscience of the court (see, Welty v Brown, 57 AD2d 1000, appeal dismissed 42 NY2d 995).

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.