■ GAIL SKERENCAK (KING), Respondent, v EDWARD H. FISCHMAN, Individually and Doing Business as PODIATRY SERVICES, Appellant. [626 NYS2d 337] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for future medical expenses only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of future medical expenses to $2,500 in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: In this podiatric malpractice action, Supreme Court did not err in allowing plaintiff to impeach defendant, whom she had called as a witness, with prior inconsistent statements made at his examination before trial and at other trials *(see,* CPLR 4514). Although it was error to

allow her to impeach him with a prior criminal conviction *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4513.01), and by attacking his qualifications, the error did not prejudice a substantial right of defendant *(see,* CPLR 2002; *Moore v Maggio,* 96 AD2d 738); defendant's counsel stated at the outset of the trial that he intended to call defendant as a witness, whereupon plaintiff could have attacked his credibility on cross-examination *(see, Guerin v City of New York,* 214 App Div 800).

Contrary to defendant's contention, we conclude that there was no improper reference to prior malpractice actions involving defendant. The isolated reference to the fact that a witness who prepared a surveillance videotape performed work for insurance companies did not require a mistrial *(see, Allen v Harrington,* 156 AD2d 854, 855, *lv denied* 75 NY2d 708; *DivCom, Inc. v F. J. Zeronda, Inc.,* 136 AD2d 844, 847; *Kowalski v Loblaws, Inc.,* 61 AD2d 340, 343). Moreover, the court instructed the jury that any references to the fact that defendant was a party to other lawsuits and any references to insurance companies must be disregarded. Defendant's contention that plaintiff's counsel improperly suggested the amount of an appropriate award in his summation to the jury is unpreserved.

The court erred, however, in failing to set aside the jury's award of future medical expenses of $142,500. That award materially deviates from what would be reasonable compensation *(see,* CPLR 5501 [c]). The only proof concerning plaintiff's likely future medical expenses was the testimony of a doctor that plaintiff would benefit from reconstructive surgery to her Achilles tendon that would cost $2,500. Thus, we modify the judgment on appeal by vacating the award of damages for future medical expenses, and we grant a new trial on damages for future medical expenses only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of future medical expenses to $2,500. (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Medical Malpractice.) Present— Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.