■ Jovette Young et al., Respondents-Appellants, v Knickerbocker Arena et al., Appellants-Respondents. [722 NYS2d 596] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered August 9, 1999 in Albany County, which, inter alia, denied defendants' motion directing plaintiff Jovette Young to submit to a vocational rehabilitation assessment, (2) from an order of said court (Ferradino, J.), entered September 15, 1999 in Albany County, which, inter alia, granted plaintiffs' motion to preclude the use of a surveillance video, (3) from an order of said court (Leaman, J.), entered June 19, 2000 in Albany County, which, inter alia, reduced plaintiffs' award for lost earnings up to the date of the verdict, and (4) from a judgment of said court (Leaman, J.), entered September 19, 2000 in Albany County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action seeking to recover for injuries sustained by plaintiff Jovette Young in October 1995 while attending a concert at defendant Knickerbocker Arena in the City of Albany. The incident occurred when defendant Paul Pignatelli, a security guard for the arena, ran into Young while she was returning to her seat. The matter proceeded to trial in August 1999, at the conclusion of which the jury returned a verdict in favor of plaintiffs and awarded damages in the amount of $8,300 for medical expenses, $83,000 for past lost earnings, $68,000 for past pain and suffering, $450,000 for future lost earnings and $100,000 for future pain and suffering. Thereafter, in January 2000, Supreme Court conducted a

collateral source hearing pursuant to CPLR 4545 and, *inter alia*, reduced the $83,000 award for past lost earnings by $80,244.57, representing $34,278.70 in Social Security benefits received by Young, $17,109.00 in Social Security benefits received by Young's three children and $28,856.87 in disability benefits received by Young from Hartford Insurance Company. Supreme Court also denied defendants' request for an offset against the future lost earnings award of $450,000, finding that defendants failed to establish by clear and convincing evidence Young's future eligibility to receive Social Security and disability benefits. These appeals ensued.

Defendants' appeals primarily challenge the propriety of two pretrial rulings, Supreme Court's failure to declare a mistrial and Supreme Court's refusal to offset the jury's award with respect to Young's future lost earnings. We will address each of these points ad seriatim.

Prior to trial, defendants moved by order to show cause seeking, *inter alia*, an order directing Young to submit to a vocational rehabilitation assessment. By order entered August 9, 1999, Supreme Court (Ceresia, Jr., J.), *inter alia*, denied defendants' application. As there is "no statutory authority to compel the examination of an adverse party by a nonphysician vocational rehabilitation specialist" (*Mooney v Osowiecky*, 215 AD2d 839, 839; *cf., Krajewski v Rosinski*, 212 AD2d 886, 887), and as the circumstances of this case do not otherwise warrant the granting of such relief (*compare, Bradley v Fisher Assocs.*, 251 AD2d 440 [court improvidently exercised its discretion in denying the defendants' cross motion for such an examination where the plaintiff had retained her own nonphysician vocational rehabilitation expert]; *Diviesti v Sudds*, 249 AD2d 503; *Kavanagh v Ogden Allied Maintenance Corp.*, 245 AD2d 341, *affd* 92 NY2d 952), Supreme Court properly denied defendants' application. We find defendants' assertion that they were entitled to an additional independent medical examination of Young equally unavailing and, accordingly, Supreme Court's August 9, 1999 order is affirmed.

Also prior to trial, plaintiffs moved to preclude defendants' use of a surveillance tape made in June 1998 due to defendants' failure to produce the tape in a timely fashion. In this regard, the record reflects that in response to plaintiffs' November 1997 supplemental notice for discovery and inspection requesting, *inter alia*, copies of any surveillance tapes, then-counsel for defendants advised that a video surveillance was conducted of Young on June 26, 1998 and that such tape was available for inspection. Counsel further advised that the defense of this

action was being transferred to another firm and suggested that plaintiffs' counsel await the execution of the consent to change attorney form before requesting to view the tape. Thereafter, in February 1999, counsel for plaintiffs requested that an unedited copy of the tape be produced immediately. Notwithstanding this request, plaintiffs apparently were not provided with a copy of the surveillance tape until July 1999. Plaintiffs moved to preclude defendants' use of the tape at trial and, by order entered September 15, 1999, Supreme Court (Ferradino, J.) granted plaintiffs' motion.

It is well settled that the trial court is vested with broad discretionary authority to fashion an appropriate remedy where, as here, a party refuses to comply with a valid discovery demand (*see, Tempforce, Inc. v Municipal Hous. Auth.*, 263 AD2d 926, 928, *lv dismissed* 94 NY2d 838). While the remedy of preclusion is indeed drastic (*see, Schittino v State of New York,* 262 AD2d 824, 826, *lv denied* 94 NY2d 752), the type and degree of the sanction imposed by the trial court will not be disturbed absent a clear abuse of the court's discretion (*see, Saratoga Harness Racing v Roemer,* 274 AD2d 887, 888; *Osterhoudt v Wal-Mart Stores,* 273 AD2d 673, 674). Even accepting that plaintiffs acquiesced to any delay that occurred prior to February 1999, defendants have offered no persuasive reason or justification for their failure to produce the surveillance tape for an additional five months. Absent such an excuse, and in view of the fact that plaintiffs plainly were entitled to production of the tape (*see,* CPLR 3101 [i]), we cannot say that Supreme Court erred in granting plaintiffs' motion to preclude (*see, Evans v Anheuser-Busch, Inc.*, 277 AD2d 874, 874-875). Accordingly, Supreme Court's September 15, 1999 order is affirmed.

During the course of the trial itself and while attempting to impeach defendants' expert on cross-examination, counsel for plaintiffs twice questioned defendants' expert regarding how much income he derived from testifying on behalf of insurance companies and/or law firms that performed insurance defense work. Counsel for plaintiffs made a similar remark during closing argument. Defendants now appeal from the judgment entered in favor of plaintiffs, contending that counsel's repeated references to insurance were unduly prejudicial and warrant a new trial. We cannot agree.

"The relevant rule is that evidence that [an] alleged *tortfeasor* carries liability insurance is not admissible as potentially prejudicial" (*Allen v Harrington,* 156 AD2d 854, 855, *lv denied* 75 NY2d 708 [citations omitted] [emphasis in original]). Here,

however, all counsel established was that Young was examined by a physician who purportedly derived some percentage of his income from performing such evaluations for insurance companies and/or law firms that perform insurance defense work (*see, Allen v Harrington, supra*, at 855; *cf., Skerencak [King] v Fischman*, 214 AD2d 1020, 1021). In our view, given the evidence before us, such isolated and indirect references to insurance coverage do not warrant a mistrial (*see, Allen v Harrington, supra*, at 855; *Div-Com, Inc. v F.J. Zeronda, Inc.*, 136 AD2d 844, 847; *compare, Sobie v Katz Constr. Corp.*, 189 AD2d 49, 54). Accordingly, Supreme Court's judgment is affirmed.

Defendants next argue that Supreme Court (Leaman, J.) erred in failing to offset the jury's award for future lost earnings against Young's Social Security and disability benefits. CPLR 4545 (c) requires a court to determine whether a past or future economic cost or expense incurred by a plaintiff in a personal injury action "was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance * * * [or] social security" (*see, Sternfeld v Forcier*, 248 AD2d 14, 16, *appeal dismissed* 92 NY2d 1045). "Reasonable certainty," in turn, has been deemed to be synonymous with "clear and convincing proof" (*see, id.*, at 16), such that a defendant seeking to offset a personal injury award by a collateral source payment bears the burden of showing that it is "highly probable" that the plaintiff will continue to be eligible for the benefits in question (*see, Caruso v Le Frois Bldrs.*, 217 AD2d 256, 259).

Applying these principles to the matter before us, we are unable to conclude that Supreme Court erred in failing to grant defendants the requested offset. While it is true that the mere possibility that a disabled plaintiff's condition may improve or that the administrative criteria for the receipt of benefits may change is too speculative to preclude application of the collateral source rule (*see, id.*, at 259), the proof adduced at trial and referenced at the collateral source hearing conducted in this matter established that Young had shown some improvement and, although still partially disabled, was capable of performing some limited sedentary work. Based upon this and other evidence in the record, we find that defendants failed to meet their burden of proof with regard to Young's continued eligibility for benefits (*compare, id.*).

Finally, plaintiffs contend that Supreme Court erred in offsetting the award for past loss of earnings by the amount of Social Security benefits paid to Young's minor children. We agree. The entitlement to such payments belongs to her chil-

dren, not to Young (*see*, 42 USC § 402 [d]), and, as such, Supreme Court erred in reducing Young's award for past loss of earnings by the amount of the Social Security benefits awarded to her children. Accordingly, Supreme Court's June 19, 2000 order is modified to the extent that the offset for Social Security benefits is limited to the $34,278 received by Young.

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered August 9, 1999 is affirmed, without costs. Ordered that the order entered September 15, 1999 is affirmed, without costs. Ordered that the order entered June 19, 2000 is modified, on the law, without costs, by reversing so much thereof as reduced the jury's award for past lost earnings by $51,387.70 in Social Security benefits; the reduction for Social Security benefits is limited to $34,278.70; and, as so modified, affirmed. Ordered that the judgment is affirmed, without costs.