■ LOREN CALAWAY, Respondent, v METRO ROOFING AND SHEET METAL WORKS, INC., Respondent, and JUDSON HOLDING II et al., Appellants, et al., Defendant. (And a Third-Party Action.) [727 NYS2d 426] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered October 2, 2000, in an action for personal injuries sustained when plaintiff fell off the roof of a building owned and managed by defendants-appellants and leased by plaintiff's employer, insofar as appealed from, in favor of plaintiff and against appellants, unanimously modified, on the law and the facts, to the extent of vacating so much of the judgment as awards disbursements and remanding the matter to permit submission of a supplemental judgment on notice with documentation supporting allowable disbursements, and otherwise affirmed, without costs.

Judgment against appellants on the issue of their liability under Labor Law § 240 (1) was properly directed as a matter of

law upon evidence establishing that plaintiff was injured while performing work within the contemplation of the statute (*Nephew v Barcomb*, 260 AD2d 821). Appellants are closely affiliated with plaintiff's employer through the same principal, and all three knew about this ice removal project, which, uncontradicted testimony showed, was a top priority for all of their employees. Plaintiff himself had spent four or five hours clearing ice from the roof just two days before the accident. Thus, even if on the particular occasion of the accident plaintiff had been sent to the roof with instructions only to check it for leaks and to speak to the day laborers plaintiff's employer had hired, it does not follow that plaintiff was acting outside the scope of his employment simply because he threw chunks of ice off the roof that he observed while carrying out these instructions. We also reject appellants' argument that the manner in which the charge informed the jury of the directed verdict on the Labor Law § 240 (1) claim left the jury with an incorrect understanding of the elements of the Labor Law § 200 claim, under which, the charge correctly conveyed, a property owner can be held liable for dangerous conditions on its property of which it had actual or constructive notice (*see, Roppolo v Mitsubishi Motor Sales*, 278 AD2d 149, 150). The awards of $50,000 for future hospital expenses and $50,000 for future medical expenses have sufficient evidentiary support in the testimony of plaintiff's expert. The discount rate adopted by trial court in structuring the judgment was adequately supported by plaintiff's expert's affidavit, well within the typical range and otherwise a proper exercise of discretion (*see, Bermeo v Atakent*, 241 AD2d 235, 245). The disbursements awarded to plaintiff's attorneys, amounting to $27,727, appear to be excessive and, accordingly, we remand as indicated. Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.