ETHAN RUBY, Respondent-Appellant, v BUDGET RENT A CAR CORPORATION et al., Appellants-Respondents, et al., Defendant. [806 NYS2d 12]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered January 27, 2005, awarding plaintiff pre-structured damages in the principal amount of $20,312,692, and bringing up for review an order which, after a jury trial ending in a verdict awarding plaintiff $24,552,000, consisting of $3 million for past pain and suffering, $12 million for future pain and suffering over 44.6 years, $150,000 for past lost earnings, $3.84 million for future lost earnings over 33.6 years, $315,000 for past medical expenses and $5,247,700 for future medical expenses over 44.6 years, granted defendants' motion to set aside the verdict on damages unless plaintiff stipulated to reduce the awards for future pain and suffering to $9 million and for future medical expenses to $4,007,474, and also bringing up for review an order which granted defendants' motion for a collateral source offset to the extent of reducing the jury's award of $3,840,000 for future lost earnings to $2,674,268, unanimously modified, on the law and the facts, to vacate the collateral source offset and reinstate the jury's award for future lost earnings, and to vacate the awards for, and direct a new trial on, past and future pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce the awards for past and future pain and suffering to $2,000,000 and $8,000,000, respectively, and to entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice,

entered August 24, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The 25-year-old plaintiff's principal injury is a severed spine at T-6 that resulted in paraplegia and associated complications, including constant and severe pain. The awards for past and future pain and suffering deviate materially from what is reasonable compensation to the extent indicated (*cf. Schifelbine v Foster Wheeler Corp.*, 3 Misc 3d 151, 153 [2002], *mod on other grounds* 4 AD3d 736 [2004], *lv dismissed* 3 NY3d 656 [2004]). The awards for past and future lost earnings are adequately supported by tax returns and other evidence showing, inter alia, a difference of $50,000 per year between plaintiff's former and present earning capacity. We have considered and rejected defendants' challenges to the awards for psychotherapy and acupuncture. A collateral source offset for future Social Security disability benefits (CPLR 4545 [c]) should not have been granted where plaintiff's experts maintained that he is capable of working in the future albeit in a reduced capacity amounting to $50,000 per year, and defendants' experts maintained that plaintiff is capable of working as he had before the accident such that he suffered no diminution of earning capacity whatsoever. Such a record compels a finding that defendants did not meet their burden of showing that it is "highly probable" that plaintiff will continue to be eligible for Social Security disability benefits (*see Young v Knickerbocker Arena*, 281 AD2d 761, 764 [2001]). Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.