■ GERARD MALLOY et al., Respondents, v STELLAR MANAGE-MENT et al., Appellants. (And a Third-Party Action.) [892 NYS2d 86]—

Plaintiff Gerard Malloy suffered spinal injury requiring fusion surgery and resulting in complications which include constant and severe pain. As conceded by plaintiff on appeal, the award for past lost earnings was subject to a collateral source reduction of $107,038 due to Social Security disability (SSD) benefits paid to plaintiff prior to the entry of judgment (*see* CPLR 4545 [c]). A collateral source offset for future SSD benefits was not warranted. Defendants did not meet their burden of showing that it is "highly probable" that plaintiff will continue to be eligible for benefits (*see id.*), as the record evidence demonstrates that his condition had improved and, although still primarily disabled, he was capable of performing some limited sedentary work (*see Ruby v Budget Rent A Car Corp.*, 23 AD3d 257 [2005], *lv denied* 6 NY3d 712 [2006]; *Young v Knickerbocker Arena*, 281 AD2d 761 [2001]).

The discount rate adopted by trial court in structuring the judgment was adequately supported by plaintiff's expert's affidavit and was otherwise a proper exercise of discretion (*see Calaway v Metro Roofing & Sheet Metal Works*, 284 AD2d 285, 286 [2001]; *Reed v Harter Chair Corp.*, 196 AD2d 123, 127 [1994]). The trial court did not abuse its discretion by requiring the purchase of an annuity contract to secure periodic payment of future damages from an insurance carrier with an A-plus rating (CPLR 5042). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.