| Bortugno v Schindler El. Corp. |
|:---:|
| 2025 NY Slip Op 30839(U) |
| March 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150623/2013 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**        PART              05M

                                         *Justice*

------------------------------------------------------------------------------X

NICHOLAS BORTUGNO,

                          Plaintiff,

               - v -

SCHINDLER ELEVATOR CORPATION, MIDLAND
ELEVATOR CO INC,

                        Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150623/2013 |
| HEARING DATE | 03/10/2025 |

**DECISION + ORDER
FOLLOWING COLLATERAL
SOURCE HEARING**

This matter comes before the court on Defendants Schindler Elevator Corporation and Midland Elevator Co. Inc.'s ("Defendants") timely application for a collateral source hearing to address offsets under CPLR § 4545.[1] The court received submissions from both Defendants and Plaintiff Nicholas Bortugno ("Plaintiff") and held a collateral source hearing on Monday, March 10, 2025.

Based on the testimony and briefs submitted by the parties, the issues before the court are: (1) whether Workers' Compensation Medicare Set Aside ("WCMSA") funds constitute a collateral source for offsetting Plaintiff's future medical expenses, and (2) whether Plaintiff's Social Security disability benefits should be offset against his future lost earnings award.[2] Defendants seek relief in the form of: (1) a reduction of Plaintiff's future medical expenses award by the WCMSA amount of $181,401—asserting that these funds constitute a collateral source that would otherwise result in double recovery; and (2) an offset against Plaintiff's future lost wages based on his Social Security disability benefits, on the theory that such benefits are highly probable to continue and therefore should reduce the award under CPLR § 4545.

After a careful review of the evidence, the testimony of Josephina V. Tranfa-Abboud, Ph.D., CFE, MAFF ("Dr. Tranfa-Abboud"), and the extensive documentary record, the court now issues the following decision and order following the completion of a collateral source hearing, at which all counsel were afforded a full opportunity to be heard.

---

[1] Notably, the requested offsets only pertain to Defendant Schindler Elevator Corporation, as the jury found 0% liability against Midland Elevator Co. Inc. at trial.

[2] Plaintiff does not contest that Defendants are entitled to a Social Security disability benefit offset for past expenses incurred.

[* 1]

## BACKGROUND

At the collateral source hearing, Defendants elicited the testimony of Dr. Tranfa-Abboud, and submitted documentary evidence to support their contention that:

- WCMSA funds should be treated as a collateral source.
- Plaintiff's Social Security disability benefits are highly likely to continue and thus warrant an offset against future lost earnings.

Plaintiff, however, contended that WCMSA funds do not qualify as a collateral source under the law and that even if they did, Defendants failed to meet their burden by clear and convincing evidence. Regarding Social Security disability benefits, Plaintiff argued that any potential offset should be limited exclusively to the benefits payable until age 67—when he transitions to Social Security retirement benefits—rather than being based on an overly broad projection. Moreover, Plaintiff maintained that it was not highly probable he would continue to receive Social Security disability benefits.

## ARGUMENTS

In support of their application for an offset related to WCMSA Defendants argue that such funds, totaling $181,401, are collateral in nature because they are set aside specifically for future medical care and thus represent an alternative source of recovery. They contend that awarding the full future medical expenses award, in addition to the WCMSA funds, would result in a duplicative recovery in violation of CPLR § 4545 and the legislative purpose expressed in *Bryant v. New York City Health & Hospitals Corp.,* 93 NY2d 592 (1999) and *Rood v. New York State Teamsters Conference Pension and Retirement Fund*, 39 F Supp3d 241 (SDNY 2015).

In opposition, Plaintiff asserts that WCMSA funds do not constitute a collateral source as a matter of law. Since these funds arise from a statutory reimbursement mechanism under workers' compensation (which includes a statutory right of reimbursement), Plaintiff argues that they are not an independent benefit. Therefore, Plaintiff contends that awarding an offset based on the WCMSA would impermissibly reduce the recovery. Moreover, Plaintiff emphasizes that the workers' compensation carrier's use of Medicare's calculation to determine its payment of future medical expenses does not transform workers' compensation into a collateral source. Plaintiff further argues that even if WCMSA funds were considered a collateral source, Defendants have not made a prima facie showing – through the testimony of Dr. Tranfa-Abboud and supporting documents – that they are entitled to an offset by clear and convincing evidence.

With respect to Social Security disability benefits, Defendants maintain that Plaintiff's ongoing Social Security disability benefits should be treated as a collateral source offsetting his future lost earnings. They argue that the testimony of Dr. Tranfa-Abboud and the documentary evidence clearly establish that Plaintiff is highly likely to continue receiving these benefits. Defendants further assert that even if Plaintiff were to work in a limited capacity—earning no more than $20,000 per year, as corroborated by Plaintiff's Economist Dr. Debra Dwyer's testimony— this minimal income would not preclude his receipt of Social Security disability benefits.

[* 2]

Furthermore, Defendants propose that the offset for future benefits should be calculated over a 28-year period.

Plaintiff acknowledges that past Social Security disability benefit payments may be offset; however, he contends that any offset for future benefits should be limited if the court rejects the postulation that he will return to full employment. Plaintiff maintains that he is entitled to receive Social Security disability benefits only until age 67, at which point he will transition to Social Security retirement benefits.[3] Plaintiff contends that Defendants' projections, which extend for 28 years, erroneously conflate future Social Security disability benefits with retirement benefits, and that the proper basis for an offset should be a 17-year projection. Plaintiff further asserts that Defendants have not met their burden of proving, by clear and convincing evidence, an entitlement to an offset for future Social Security retirement benefits.

## DISCUSSION

CPLR § 4545 provides that a collateral source offset is warranted when a future cost or expense will, with reasonable certainty, be replaced or indemnified by a collateral source—and when the plaintiff is legally entitled to continue receiving that source. The Appellate Division, First Department, has applied this standard in cases such as *Malloy v. Steller Management*, 68 AD3d 668 (1st Dept 2009) and *Ruby v. Budget Rent A Car Corp.*, 23 AD3d 257 (1st Dept 2005), requiring defendants to demonstrate that it is "highly probable" the plaintiff will continue to receive future benefits.

No collateral source hearing is necessary regarding workers' compensation benefits, as it is undisputed that workers' compensation is subject to a statutory right of reimbursement (*see* WCL §§ 13 *et. seq.*, 29[1]; *see also* 42 CFR § 422.108). Moreover, the structuring of the judgment may be determined after the parties submit their proposed judgments, legal memoranda, and expert affidavits.

CPLR § 4545 was enacted to eliminate windfalls and prevent double recoveries by ensuring that compensation from collateral sources does not lead to an overpayment for the same loss (*see* *Bryant*, 93 NY2d 592, *supra*).

### I.      WCMSA

CPLR § 4545(a) makes it clear that any payments for which there is a statutory right of reimbursement are excluded from collateral source consideration. In like manner, Workers' Compensation Law § 29 provides that a workers' compensation carrier holds a lien on any recovery—whether by judgment, settlement, or otherwise—after deducting reasonable and necessary expenses (including attorney's fees), and only up to the total amount of compensation awarded or estimated under the statute, including medical expenses already paid or to be paid. Moreover, under Workers' Compensation Law, the only legal payor for medical expenses in a

---

[3] For those born in 1960 or later, the full Social Security retirement age is 67.

**150623/2013   NICHOLAS BORTUGNO vs. SCHINDLER ELEVATOR CORPORATION, et al.**          **Page 3 of 6**

workers' compensation case is the liable employer or insurer (*see* WCL §§ 13 et. seq., 29[1]; *see also* 42 CFR § 422.108).

Here, Plaintiff Nicholas Bortugno's past and future medical expenses were paid by workers' compensation (*see* Defendants' Exhibit 1), which retains a statutory right of reimbursement from any proceeds of this personal injury action. Consequently, under CPLR § 4545(a), such payments cannot be considered a collateral source, and Defendants are not entitled to an offset for these amounts. Defendants argue that because the calculation of future medical expenses was based on potential Medicare liability—and since Medicare might be considered a collateral source—the workers' compensation payment should be reclassified. However, the key issue is not the basis of the calculation but whether the payment meets two essential criteria: it must (1) correspond to a specific category of the special verdict, and (2) come from a payor without a statutory right of reimbursement. Workers' compensation, possessing a statutory lien, fails the second test, making any method of calculation irrelevant.

To be sure, the WCMSA funds of $181,401 are derived from workers' compensation—a system that, under Workers' Compensation Law § 29, functions solely as a reimbursement mechanism obligating Plaintiff to repay the carrier from any recovery. As such, these funds are not an independent benefit and do not satisfy the criteria for a collateral source under CPLR § 4545. Even assuming, *arguendo*, that WCMSA funds might otherwise be classified as collateral, Defendants have not demonstrated by clear and convincing evidence—through Dr. Tranfa-Abboud's testimony and accompanying documentation—a prima facie entitlement to an offset based on these funds. The record unequivocally confirms that WCMSA funds are an integral part of the workers' compensation lien, precluding their use as a collateral source.

Relevantly, the proposition that a WCMSA qualifies as a collateral source is not supported by the Appellate Division, Second Department's recent holding in *Liciaga v. New York City Transit Authority*, 231 AD3d 250 [2d Dept 2024]). In *Liciaga*, the Appellate Division, Second Department, considered the role of collateral sources in offsetting future medical expenses under CPLR § 4545 but did not address, nor can it be read to extend, the unique statutory right of reimbursement inherent in workers' compensation payments. Unlike private health insurance benefits—which are independent and not subject to any statutory lien—WCMSA funds are fundamentally a reimbursement mechanism that obligates repayment from any recovery. As such, they are categorically excluded from collateral source offsets.

Accordingly, the court finds that neither the workers' compensation payments for Plaintiff's medical expenses nor the WCMSA funds constitute a collateral source under CPLR § 4545(a), and Defendants are not entitled to any setoff based on these payments.

## II.      Social Security Disability Benefit

With respect to Social Security disability benefits, Defendants have presented substantial evidence—including the testimony of Dr. Tranfa-Abboud—that establishes Plaintiff's continued receipt of these benefits is highly probable. Dr. Tranfa-Abboud testified with respect to Plaintiff's past and continuing receipt of Social Security disability benefits (*see* Defendants' Ex. 2). Dr.

Tranfa-Abboud further testified that even if Plaintiff were to engage in minimal work in the future, earning no more than $20,000 per year, such earnings would be insufficient to disqualify him from receiving Social Security disability benefits. Indeed, Dr. Tranfa-Abboud's testimony made clear that even if Plaintiff were to engage in minimal work—earning $20,000 or less per year, consistent with Plaintiff's Economist Dr. Debra Dwyer's testimony at trial—such earnings would not be sufficient to disqualify him from receiving Social Security disability benefits. This testimony establishes that the receipt of these benefits is not contingent upon complete work incapacity, but rather that the benefits are designed to supplement losses even in instances of low earning capacity. Thus, the evidence supports the proposition that Plaintiff's Social Security disability benefits constitute a collateral source offset under CPLR § 4545. The record further confirms that Plaintiff is currently receiving these benefits and shows no indication that he is working in a capacity that would render him ineligible.

While Plaintiff acknowledges entitlement to an offset for past Social Security disability payments, Defendants have sought an offset for future benefits based on a 28-year projection that conflates disability benefits with retirement benefits. The evidence, however, indicates that Plaintiff is eligible for Social Security disability benefits only until age 67, after which he transitions to retirement benefits. Thus, the proper approach is to limit the offset for future Social Security disability benefits to a 17-year period, reflecting the true duration during which these benefits are expected to continue.

Considering the foregoing and the parties' submissions at the hearing, the court finds that Defendants have met their burden by clear and convincing evidence to establish that Plaintiff's Social Security disability benefits constitute a collateral source subject to an offset. Accordingly, the offset for Plaintiff's future Social Security disability benefits shall be recalculated on a 17-year projection rather than the 28-year figure previously proposed. The parties have consented to the applicable discount rate for all figures except for this adjustment. The court, therefore, directs the parties to recalculate Plaintiff's future Social Security disability benefits using a 17-year treasury bond rate and for Plaintiff to submit a proposed judgment reflecting this recalculation for the court's approval.

Accordingly, it is hereby

ORDERED that WCMSA funds are not deemed a collateral source as a matter of law; and it is further

ORDERED that even if, hypothetically, WCMSA funds qualified, Defendants have failed to establish by clear and convincing evidence—through the testimony of Josephina V. Tranfa-Abboud, Ph.D., CFE, MAFF, and the accompanying documentary evidence—a prima facie entitlement to a setoff based on these funds; and it is further

ORDERED that Defendants have established, with reasonable certainty and by clear and convincing evidence, that Plaintiff's Social Security disability benefits are a collateral source subject to an offset under CPLR § 4545 as these benefits are highly probable to continue until Plaintiff reaches age 67; and it is further

[* 5]

ORDERED that Defendants are therefore entitled to an offset for future Social Security disability benefits; however, this offset must be based on a 17-year projection rather than the 28-year projection offered by Dr. Tranfa-Abboud, which improperly conflates future disability benefits with retirement benefits; and it is further

ORDERED that Defendants' request for a new trial on future lost wages is hereby DENIED, as the evidence indicates that the jury's award already reflects a deduction for Plaintiff's work potential; and it is further

ORDERED that the parties are directed to recalculate Plaintiff's future Social Security disability benefits using a 17-year treasury bond rate. Plaintiff shall submit a proposed judgment reflecting this recalculation within forty-five (45) days, consistent with the discount rate previously consented to by the parties for all other figures.

This constitutes the decision and order of the court.

| 3/17/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **HASA A. KINGO, J.S.C.** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150623/2013   NICHOLAS BORTUGNO vs. SCHINDLER ELEVATOR CORPORATION, et al.          Page 6 of 6

6 of 6

[* 6]